496 P.2d 1086

STATE of New Mexico ex rel. S. E. REYNOLDS, State Engineer, Plaintiff-Appellant and Cross-Appellee,

v.

MOLYBDENUM CORPORATION OF AMERICA, a Delaware Corporation, Defendant-Appellee and Cross-Appellant.

No. 9358.

Supreme Court of New Mexico.

May 5, 1972.

David L. Norvell, Atty. Gen., Paul L. Bloom, Peter Thomas White, Sp. Asst. Attys. Gen., Sante Fe, for appellant and cross-appellee.

Watson, Stillinger & Lunt, Sante Fe, for appellee and cross-appellant.

## OPINION

OMAN, Justice.

This is a suit in which plaintiff sought an injunction against defendant. The trial court granted defendant's motion to dismiss pursuant to Rule 41(e), Rules of Civil Procedure for the District Courts [§ 21–1–1 (41) (e), N.M.S.A.1953 (Repl.Vol. 4, 1970)]. Plaintiff appealed from the order dismissing its complaint with prejudice. Defendant cross-appealed on the ground that, notwithstanding any error which might have been committed against plaintiff, the order should be affirmed. Supreme Court Rule 17(2) [§ 21–2–1(17) (2), N.M.S.A.1953 (Repl.Vol. 4, 1970)]. We reverse.

The record shows the following actions to have been taken:

(1) Complaint was filed May 24, 1968.

(2) Answer was filed June 24, 1968. Substantial and complicated legal defenses to the complaint were raised by the answer.

(3) On May 25, 1971, defendant filed its motion to dismiss pursuant to Rule 41 (e), supra.

(4) On July 13, 1971, defendant's motion to dismiss came on for hearing. At this hearing it was pointed out to the present district judge that on May 15, 1969, a pretrial conference had been conducted and a hearing on the legal issues held by the former district judge who resigned on June 30, 1971. For some unexplained reason the former district judge had made no record of the pre-trial conference and hearing, and had failed to rule upon defendant's legal defenses. The present district judge announced he would permit plaintiff to file of record matters necessary to demonstrate that a pre-trial conference and hearing had been held on May 15, 1969, matters which had been presented to the court at that hearing, and copies of the

briefs which had been submitted by the parties in support of their respective positions. The present district judge did, however, feel compelled to sustain defendant's motion for dismissal and so announced.

(5) On July 22, 1971, plaintiff filed an affidavit by one of its former attorneys who had represented plaintiff at the pretrial conference and hearing. Along with this affidavit there was filed a copy of defendant's "Trial Brief on Legal Defenses," which defendant had submitted to the court on May 15, 1969 at the pretrial conference and hearing; a copy of "Plaintiff's Trial Brief on Legal Defenses," which was subsequently submitted with the court's permission; and "Defendant's Reply Brief on Legal Defenses," which was submitted to the court shortly thereafter.

(6) On July 26, 1971, defendant filed a motion to strike the affidavit and copies of briefs on the grounds that they were " * * * not part of the record or the court file herein at the time of * * * " the hearing on defendant's motion to dismiss under Rule 41(e), supra, which, as shown above, was held on July 13, 1971.

(7) On July 30, 1971, the court entered an order denying defendant's motion to strike the affidavit and briefs.

(8) On August 2, 1971, defendant filed a "Statement Controverting Affidavit of Peter B. Shoenfeld" [attorney for plaintiff whose affidavit had been filed on July 22, 1971]. The controversy between Mr. Shoenfeld's affidavit and defendant's statement relates to whether or not the parties had implicitly agreed that all issues raised by the pleadings had been presented to the court on May 15, 1969, at the pre-trial conference and hearing on legal defenses and in their briefs. Attached to defendant's statement were:

(a) A letter dated August 23, 1968 from Mr. Shoenfeld addressed to the district judge advising that counsel for both parties had conferred and ·deemed it advisable that a pre-trial conference be held to narrow and familiarize· the court with the issues, and advising that defendant wished to argue the legal defenses raised in its answer.

(b) A letter dated October 17, 1968 from the attorney for defendant addressed to the district judge referring to a discussion by counsel for both sides with the court concerning the possible settlement of the legal issues at a pre-trial conference, and urging an early setting at any place at the convenience of the court because of the utmost importance to defendant of getting an early determination of these issues.

(c) A letter dated November 25, 1968 from the attorney for defendant addressed to the district judge referring to the October 17 letter concerning a pre-trial conference and the absence of any response thereto from the court, and reminding and explaining to the court the need for an early disposition of the legal issues and expressing a belief that these issues could be determined at a pre-trial conference.

(d) A letter dated May 21, 1969, from plaintiff's attorney addressed to the district judge requesting to be excused from attending the calling of the docket on June 2, 1969, since the defendant had moved to dismiss the complaint for failure to state a claim, and a decision of the court on that motion was expected after the submission to the court on or before June 15, 1969, of plaintiff's brief.

(9) On August 2, 1971, the court entered the order dismissing the plaintiff's complaint with prejudice under Rule 41(e), supra. It is apparent from the court's findings that he considered only the complaint, answer and defendant's motion to dismiss under Rule 41(e), supra, because these were the only relevant matters in "the court file in this cause" at the time of the filing of defendant's motion on May 25, 1971, as shown above.

That portion of Rule 41(e) here applicable provides:

"(1) In any civil action or proceeding pending in any district court in this state, including actions in which a jury trial has been demanded, when it shall be made to appear to the court that the

plaintiff therein or any defendant filing a cross-complaint therein has failed to take any action to bring such action or proceeding to its final determination for a period of at least three [3] years after the filing of said action or proceeding or of such cross-complaint unless a written stipulation signed by all parties to said action or proceeding has been filed suspending or postponing final action therein beyond three [3] years, any party to such action or. proceeding may have the same dismissed with prejudice to the prosecution of any other or further action or proceeding based on the same cause of action set up in the complaint or cross-complaint by filing in such pending action or proceeding a written motion moving the dismissal thereof with prejudice."

As shown by the above recited actions reflected by the record in this cause, there was no stipulation filed suspending or postponing final action beyond three years. Thus, the question presented is whether it was " * * * made to appear to the [district] court that the plaintiff * * * failed to take any action to bring [this cause] to its final determination for a period of at least three [3] years after the filing * * * " of its complaint on May 24, 1968.

The actions recited in Paragraphs numbered 4, 5 and 8 above, except for the hearing on July 13, 1971, the filing of the affidavit on July 22, 1971 and the filing of the statement on August 2, 1971, would seem clearly to be actions taken to bring the suit to its final conclusion. These actions, insofar as plaintiff was concerned, were: (1) The writing of the letter of August 23, 1968 to the district judge suggesting and requesting a pre-trial conference and hearing on defendant's legal defenses; (2) The participation in the pre-trial conference and hearing on defendant's legal defenses on May 15, 1969; (3) The subsequent preparation and furnishing to the court of "Plaintiff's Trial Brief on Legal Defenses"; and (4) Conferences with defendant's counsel for the purpose of getting an early disposition of at least defendant's legal defenses, which was of great importance to defendant.

The failures of the trial court to make a record of the pre-trial conference and hearing and to decide the legal issues presented to the court by oral arguments and the briefs are not chargeable to either party. Both parties had clearly taken actions to bring the suit to its final conclusion long before May 25, 1971. However, a record of these actions did not appear in the court file as of May 25, 1971, and the present district judge, who entered the order of dismissal on August 2, 1971, obviously felt compelled to do so in accordance with the very narrow interpretations that this court has given to the above quoted portion of Rule 41(e), supra,—which interpretations at times appear to us to have been somewhat inconsistent—and particularly to that portion of the rule which provides " * * * when it shall be made to appear to the court [district court] that the plaintiff therein or any defendant filing a cross-complaint therein has failed to take any action to bring such action or proceeding to its final determination. * * * "

The multitudinous problems with the application of this rule, the rule's productivity of disputes and consequent appeals, and, in our opinion, the many injustices worked by the application of this court's constructions of the rule seem to have had their principal beginning with the decision in Ringle Development Corporation v. Chavez, 51 N. M. 156, 180 P.2d 790 (1947). In that case it was held the provisions for dismissal with prejudice are mandatory except when one of the following appears:

(1) " * * * the time is tolled by statute * * *," (2) " * * * process has not been served because of inability to execute it on account of the absence of the defendant from the state, or his concealment within the state, * * *," (3) " * * * from some other good reason, the plaintiff is unable, for causes beyond his control, to bring the case to trial, * * *." This third stated area, which excuses a mandatory dismissal, has proven

extremely troublesome in application to the facts of cases as they have progressed toward their termination, and the constructions placed thereon by this court in subsequent cases has resulted in a total deprivation of all discretion and judgment on the part of the district courts, in mechanically limited views and reviews of actions taken toward bringing a case to its final conclusion, and in complete disregard of this court's often stated concerns for the rights of litigants to have their day in court and their cases decided on the merits and not on trivial technicalities.

The rule was obviously and commendably adopted to keep cases moving with reasonable dispatch through the judicial process, and to bring stale cases to a termination. However, the narrow constructions placed on the rule have unjustly resulted in the termination of many cases in which diligence in the prosecution thereof could have been shown and often · has actually been shown, but this diligence was not and could not be considered because it was not capable of demonstration by matters reflected in the court file. We shall not attempt to cite, review, reconcile or distinguish the decisions in the many cases which have reached this court largely by reason of the departure from the plain language of Rule 41(e), supra, and the narrow constructions placed thereon by this court and its determinations as to what is required to constitute delay for causes beyond the control of plaintiff.

The next decision following Ringle Development Corporation v. Chavez, supra, to which we shall refer, is Pettine Bros. v. Rogers, 63 N.M. 457, 321 P.2d 638 (1958). In the Pettine case, the interpretation of the rule previously adopted in the Ringle case was affirmed, but at that time it was still recognized the district court could exercise some discretion in determining whether the delay was occasioned by plaintiff's inability for causes beyond his control to bring the case to trial. It was also stated the rule, if not avoided by stipulation or one of the exceptions recited in the Ringle case, " * * * operates as a statute of limitations. Eager v. Belmore, 1949, 53 N.M. 299, 207 P.2d 519; City of Roswell v. Holmes, 1939, 44 N.M. 1, 96 P.2d 701."

In Featherstone v. Hanson, 65 N.M. 398, 338 P.2d 298 (1959), the decisions in the Ringle and Pettine cases were reaffirmed. The court further stated that the rule " * * * is mandatory and, absent the filing of a stipulation of extension, or some showing in the court file itself which shows diligence on the part of the plaintiff to bring the action to trial, or a definite showing, upon which plaintiff relied, which would estop the defendant from meritoriously filing a motion to dismiss, that after two [now three] years from the date of the filing of the original complaint the trial court has no discretion except to dismiss. * * *" Thus, except for a possible estoppel, the provision in the rule, that a case shall be dismissed if " * * * it shall be made to appear to the court that the plaintiff therein or any defendant filing a cross-complaint therein has failed to take any action to bring such action or proceeding to its final determination * * *," came to mean what appeared solely from an examination of the court file. See the dissent of Judge Wood in Reger v. Preston, 77 N.M. 196, 420 P.2d 779 (1966). The trial court was required to grant the motion and dismiss the case, unless the court file itself contained some pleading or other matter which showed diligence on plaintiff's part. The trial court was required to ignore all written and oral communications between the court and counsel for plaintiff evidencing diligence, including actual promises and settings made by the court, unless a record thereof was made and placed in the court file; actual hearings by the court on motions, etc., unless a record thereof was. made and placed in the court file; negotiations and other actions between counsel for the parties looking toward the early conclusion of the case, unless a record thereof was made and placed in the court file; all discovery proceedings by way of depositions on oral examination or written interrogatories, discovery and production of documents and things, mental or physical examinations of

persons, and requests for admission of facts and genuineness of documents, unless a record thereof was made and placed in the court file; and the many other matters which arise and the actions which are taken by counsel in concluding litigation, unless a record thereof was made and placed in the court file. All trial judges and trial attorneys know that many actions are taken by the court and the attorneys in the disposition of cases, but a record of which belatedly, if ever, finds its way into the court file itself. In fact all trial preparations could be accomplished and a case fully tried and concluded, except for the entry of judgment, when the time expires under Rule 41(e), supra, and still there could properly be nothing in the court file other than the complaint, summons and return thereon, and the answer to the complaint.

In Western Timber Products Co. v. W. S. Ranch Company, 69 N.M. 108, 364 P.2d 361 (1961), a dismissal of plaintiff's complaint was upheld despite the fact that during the two-year period following the filing of the complaint plaintiff filed a jury demand; filed interrogatories to be answered by defendant; the resident judge recused himself some four and one-half months after the complaint was filed, and another judge was not designated to try the case until more than seven months had elapsed; and no jury was available during the last seven and one-half months of the two-year period.

In Morris v. Fitzgerald, 73 N.M. 56, 385 P.2d 574 (1963), there was considerable activity, including the taking of depositions. In the opinion in that case it was stated: "All discovery procedures are available to be used or not, as a litigant sees fit, and none are required prerequisites to trial. Accordingly, in our view, they are not 'actions' to bring a proceeding to its final determination so as to toll the statute. * * * "

This position was reaffirmed in Sender v. Montoya, 73 N.M. 287, 387 P.2d 860 (1963).

Although the use of discovery procedures may not be "required prerequisites to trial" these procedures are provided for by rules of this court and are extensively used in bringing cases to a conclusion. We find nothing in Rule 41(e), supra, equating "required prerequisites to trial" with "action to bring" a suit to its final determination, and we are unable to understand why the use of discovery proceedings "are not actions to bring a proceeding to its final determination."

In Schall v. Burks, 74 N.M. 583, 396 P.2d 192 (1964), which came before this court by original action in mandamus, the activities of the parties are detailed at length in the opinion. The complaint was filed on August 3, 1960. On "January 18, 1963, plaintiffs filed notice requesting that trial court set date for hearing on defendant's motion for summary judgment and that a date be set for trial." On February 4 and April 2, 1963, defendant filed similar motions to dismiss for failure to bring the case to trial within two years. A permanent writ of mandamus was issued by this court directing that the trial court had no discretion except to dismiss. Although the opinion does not so state, the refusal to consider plaintiff's request for trial setting, filed more than two years after the filing of the complaint but before the filing of defendant's motions to dismiss, is consistent with the prior holdings that the rule "operates as a statute of limitations." Pettine Bros. v. Rogers, supra.

However, in Martin v. Leonard Motor-El Paso, 75 N.M. 219, 402 P.2d 954 (1965), a directly contrary result was reached. In that case the plaintiff filed a written motion requesting the court to set the case for trial. This motion was filed more than two years after the filing of the complaint but prior to the filing of defendant's motion to dismiss. The trial court sustained the motion and dismissed. This court reversed. The reason given for the reversal was that a defendant is required to elect whether to invoke his right to dismiss under Rule 41(e), supra, before the plaintiff has taken

action to bring the case to its final determination. The action taken was the filing of the motion for trial setting. See in accord Procter v. Fez Club, 76 N.M. 241, 414 P.2d 219 (1966) and cases cited therein.

In State ex rel. City of Las Cruces v. McManus, 75 N.M. 267, 404 P.2d 106 (1965), the trial court was directed by writ of mandamus from this court to dismiss pursuant to Rule 41(e), supra. In that case an amended complaint was filed on January 25, 1961. Shortly thereafter both of the resident district judges were disqualified. On April 5, 1961, a district judge from another district was designated to preside in the case. A motion by defendant to dismiss the complaint was presented to this judge on briefs and he was holding this motion under advisement when he recused himself on February 6, 1962. On May 22, 1962, the respondent district judge from still another district was designated. After his designation he took the motion under advisement and did not rule on it until July 27, 1964. However, an order setting forth the court's ruling on the motion was not filed. Defendant's motion to dismiss was filed on August 5, 1964. The respondent urged that at all times after he was designated he held the motion under advisement and plaintiff was unable, for good cause beyond plaintiff's control, to bring the action to its final determination. This court, in ordering the case dismissed, relied upon the failure of the record to show that respondent had been timely advised by plaintiff of the urgency of a ruling on the motion and upon its prior holdings " * * * that facts not appearing in the court file may not be considered as establishing diligence. * * *"

In Lovato v. Hicks, 75 N.M. 611, 409 P.2d 130 (1965), plaintiff wrote the trial court well within the two-year period as then provided in Rule 41(e), supra, requesting an early setting in the case. The court answered advising plaintiff that funds were not then available to try jury cases, but the case would be set "just as soon as possible." The court mailed plaintiff's letter and a copy of the court's reply thereto to the clerk of the court who placed the letters in the court file for future reference. However, the order dismissing the complaint was affirmed because " * * * this correspondence was not a part of the court record. * * *" A check of the transcript reveals the letters were not stamped and indexed, but were placed in the file by the clerk for the benefit of the court and the court clerk. However, there is no question about the letters having been written or their presence in the court file. They were read into evidence at the hearing on the motion and became a part of the Bill of Exceptions, and subsequently became a part of the record before this court on appeal. It is difficult for us to follow the logic which prompted a result in this case which we view as being directly opposite the results reached in Martin v. Leonard Motor-El Paso, supra, and in Foundation Reserve Ins. Co. v. Johnston Testers, Inc., 77 N.M. 207, 421 P.2d 123 (1966).

In Trujillo v. Harris, 75 N.M. 683, 410 P.2d 401 (1966), plaintiff's attorney had written a district judge three letters several months apart requesting a trial setting long before defendant filed his motion for dismissal, but these letters were not a part of the court record at the time the motion to dismiss was filed, and, therefore, this court stated they could not be considered as efforts to bring the action to its final determination. Again there is no question about the letters having been written and received by the trial judge, and the letters were a part of the record on appeal in this court. In accord with the holding in the Trujillo case see Briesmeister v. Medina, 76 N.M. 606, 417 P.2d 208 (1966) and cases therein cited on this question.

In Foundation Reserve Ins. Co. v. Johnston Testers, Inc., supra, a letter by the trial judge to counsel of record acknowledging a request by plaintiff's counsel to set the case for trial "was filed" before the motion to dismiss was filed. This letter was held sufficient to show "a good-faith attempt had been made to obtain a

setting," and, consequently, satisfied the requirement of Rule 41(e), supra, that action be taken to bring the case to a final determination.

In Dollison v. Fireman's Fund Insurance Company, 77 N.M. 392, 423 P.2d 426 (1966), a pre-trial conference was conducted and the case set for trial, but the setting was vacated by the trial court prior to the filing of the motion to dismiss. However, no record of the pre-trial conference or of the trial setting and its vacation was made prior to the filing of the motion, but was made by way of an uncontroverted affidavit in opposition to the motion to dismiss. It was held that the pre-trial conference and trial setting, even though not reflected by the record prior to the time of filing of the motion to dismiss, constituted action taken toward a final determination of the case, and the order of the trial court dismissing the complaint was reversed.

Justice Moise authored a dissent on the ground that the consideration by the majority of matters not of record prior to the filing of the motion to dismiss amounted to a departure from precedent without expressly overruling them. We concede merit in Justice Moise's contention that there was a departure by the majority from at least many of the earlier decisions of this court, but we are fully convinced the result reached by the majority in the Dollison case was correct and that justice requires a further departure from the earlier decisions of this court and the return to what we understand is clearly intended by Rule 41(e), supra.

The rule contemplates a hearing upon a motion to dismiss at which the parties may present evidence on the issue of whether " * * * the plaintiff therein or any defendant filing a cross-complaint therein has failed to take any action to bring such action or proceeding to its final determination for a period of at least three [3] years after the filing of said action or proceeding or of such cross-complaint. * * * " It is consistent with the purpose and intent of the rule that the movant must also be diligent, and action taken prior to the filing of the motion to dismiss must be considered as timely. Martin v. Leonard Motor-El Paso, supra.

The trial court should determine, upon the basis of the court record· and the matters presented at the hearing, whether such action has been timely taken by the plaintiff, the cross-claimant or the counter-claimant against whom the motion is directed, and, if not, whether he has been excusably prevented from taking such action. In making this determination, the discretion of the trial court will be upheld on appeal except for a clear abuse thereof.

It follows from what has been said that the order of dismissal should be reversed and the cause remanded for further proceedings therein, and all prior decisions of this court, insofar as they are inconsistent with our holding and our statements herein as to what is contemplated by Rule 41(e), supra, should be overruled.

It is so ordered.

McMANUS and MONTOYA, JJ., concur.