571 P.2d 124

**CARTER FARMS COMPANY, a partnership composed of Albert E. Carter, Dr. P. R. Carter, M.D., Edna Carter and Alice Carter Houston, Plaintiffs-Appellants,**

v.

**HOFFMAN–LaROCHE, INC., Defendant-Appellee.**

No. 2896.

Court of Appeals of New Mexico.

Oct. 18, 1977.

Dick A. Blenden, Paine & Blenden, Milford D. Estill, Carlsbad, for plaintiffs-appellants.

Lowell Stout, Hobbs, for defendant-appellee.

OPINION

SUTIN, Judge.

Plaintiffs appeal an order of the district court that dismissed plaintiffs' complaint with prejudice for failure to bring this action to its final determination for a period of at least three years, pursuant to Rule 41(e) of the Rules of Civil Procedure [§ 21–1–1(41)(e), N.M.S.A., 1953 (Repl.Vol. 4)]. We affirm.

The following pertinent entries appear in the record:

(1) April 18, 1974, Interrogatories by plaintiffs to defendant;

(2) May 1, 1974, Defendant's motion to enter an order to protect the defendant from annoyance and relieve the defendant from answering plaintiffs' interrogatories;

(3) July 3, 1975, Plaintiffs' motion for hearing on defendant's motion;

(4) July 3, 1975, Order setting date of July 15, 1975, for hearing on defendant's motion;

(5) August 1, 1975, Order relieving defendant from necessity of answering interrogatories;

(6) December 2, 1976, Defendant's motion to dismiss with prejudice for failure to bring the action to its final determination for a period of at least three years;

(7) January 5, 1977, Order dismissing plaintiffs' complaint with prejudice;

(8) February 2, 1977, Notice of appeal;

(9) *March 1, 1977,* Order nunc pro tunc that, effective *September 17, 1973, a mistrial was declared and the jury discharged.*

■ *First,* plaintiffs contend that the three-year period did not commence to run until *March 1, 1977,* the date of the entry of the nunc pro tunc Order. The nunc pro tunc Order was entered after plaintiffs filed the notice of appeal on February 2, 1977. After February 2, 1977, the trial court was divested of jurisdiction except for the purpose of perfecting the appeal to this Court. *State v. Clemons,* 83 N.M. 674, 496 P.2d 167 (Ct.App.1972). Plaintiffs know that this nunc pro tunc Order did not assist plaintiffs to perfect their appeal and the Order was an empty gesture. The limitation period did not begin to run on March 1, 1977.

*Second,* plaintiffs contend that they complied with Rule 41(e). It reads in pertinent part:

(1) In any civil action . . . pending in any district court . . ., when it shall be made to appear to the court that the plaintiff . . . has failed to take any action to bring such action . . . to its *final determination* for a period of at least three [3] years after the filing of said action . . ., any party

to such action . . . may have the same dismissed with prejudice . . . . [Emphasis added]

Neither of the parties to this appeal met the issue involved in this case, nor did they cite any relevant authority.

The issue in this case is whether plaintiffs failed to take any action to bring this case to its *final determination* within at least three years after the filing of the complaint. *State ex rel. Reynolds v. Molybdenum Corp. of Amer.,* 83 N.M. 690, 496 P.2d 1086 (1972). Our only knowledge of what occurred prior to April 18, 1974 is plaintiffs' reference to the prior decision of this Court between the same parties in *Carter Farms Company v. Hoffman-LaRoche, Inc.,* 83 N.M. 383, 492 P.2d 1000 (Ct.App.1971), and the information contained in the nunc pro tunc Order. The parties agreed that this information should be available to this Court on review.

The event which caused the present claim for relief to be filed occurred in 1966. The complaint for relief was filed in 1968. The case was tried and appealed. On December 17, 1971, this Court reversed the trial court because it directed a verdict for the defendant. Thereafter, this case was tried a second time and on September 17, 1973, the jury was unable to reach a verdict and was hopelessly deadlocked.

What is meant by "final determination"? *Ex parte Russell,* 80 U.S. (13 Wall.) 664, 669, 20 L.Ed. 632 (1872) says:

The final determination of a suit is the end of litigation therein.

Black's Law Dictionary 757 (Rev.4th ed. 1968) says:

*Final determination.* Final judgment is synonymous. The final settling of the rights of the parties to the action beyond all appeal. *Quarture v. Allegheny County,* 141 Pa.Super. 356, 14 A.2d 575, 578.

See also, *Pape v. Red Cab Mut. Casualty Co.,* 128 Misc. 456, 219 N.Y.S. 135 (1926).

Plaintiffs did take action to end this litigation prior to September 17, 1973 when the jury became deadlocked and could not arrive at a verdict. But no final determination was then made.

Because of the confusion that existed in previous New Mexico opinions with reference to the application of Rule 41(e), *State ex rel. Reynolds,* supra, set the rule thusly:

> The trial court should determine, upon the basis of the court record . . . whether such action has been timely taken by the plaintiff, . . . against whom the motion is directed, and, if not, whether he has been excusably prevented from taking such action. In making this [final] determination, the discretion of the trial court will be upheld on appeal except for a clear abuse thereof. [83 N.M. at 697, 496 P.2d at 1093]

■ We hold that the trial court *may* dismiss plaintiffs' complaint with prejudice in its discretion if the trial court finds that plaintiffs failed to take any action to end this litigation beyond all appeal within at least three years after the filing of the complaint.

■ From September 17, 1973 to January 5, 1977, over three years had passed. The only action taken by plaintiffs was the submission of interrogatories and a hearing on defendant's motion to be relieved of filing any answers. From this record, the trial court exercised its discretion and finally determined that plaintiffs' complaint should be dismissed with prejudice. We find no abuse of discretion. The attorney representing plaintiffs on this appeal did not participate in any prior proceeding of this case.

Affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.