702 P.2d 990

**Fred T. JONES, Petitioner,**

**v.**

**MONTGOMERY WARD & COMPANY, INC., Respondent.**

**No. 15519.**

Supreme Court of New Mexico.

July 11, 1985.

Alejandro Duran, Jr., Salvador Ramirez, El Paso, Tex., for petitioner.

Martin, Cresswell & Hubert, John R. Gerbracht, Las Cruces, for respondent.

## OPINION

SOSA, Senior Justice.

The district court granted a motion by defendant Montgomery Ward & Co. to dismiss plaintiff Fred Jones' personal injury action for failure to prosecute under NMSA 1978, Civ.P.Rule 41(e) (Repl.Pamp.1980), and for failure to substitute parties as required by NMSA 1978, Civ.P.Rule 25(a) (Repl.Pamp.1980). The Court of Appeals affirmed in a memorandum opinion. We granted certiorari and now reverse.

The sole issue we address is whether dismissal of plaintiff's action was proper under Rule 41(e).

Plaintiff originally filed a personal injury action pro se on July 8, 1977 seeking damages for injuries arising out of an accident involving a tractor-trailer truck he was driving. Essentially, plaintiff alleged that defendant's employees had improperly changed a tire inner tube by installing the tube with small creases. Plaintiff further alleged that the creases caused a slow leak which in turn caused overheating of a tire and a blowout. Plaintiff lost control of the truck after the blowout and the vehicle overturned resulting in substantial injury to plaintiff.

Within two weeks after suit was filed, plaintiff sought the assistance of counsel and filed a first amended complaint. On May 5, 1978, a second amended complaint was filed. These amendments dealt primarily with the addition of certain insurance carriers as party plaintiffs.

Prior to pursuing his New Mexico action, plaintiff had filed a personal injury action in Texas arising out of the same accident. The defendants in Texas included the manufacturer of the tractor-trailer, the manufacturer of a stabilizer assembly on the truck, and the tire manufacturer. Substantial discovery was obtained by plaintiff in both the Texas and New Mexico actions.

On June 18, 1981, almost four years after plaintiff had filed in New Mexico, defendant moved to dismiss for failure to prosecute under Rule 41(e). Plaintiff opposed this motion on grounds that extensive discovery had taken place, that resolution of the Texas suit could potentially render moot the New Mexico action, and that plaintiff's counsel had previously notified the district court that plaintiff and counsel were fully prepared to try the New Mexico

case first. Plaintiff also requested an immediate trial date in connection with his opposition to defendant's motion. On February 18, 1982 the district court denied the motion to dismiss on grounds that plaintiff had actively engaged in substantial discovery and litigation in the Texas lawsuit. Plaintiff was later given a tentative trial date in March, 1982.

Plaintiff died in June, 1982 without either the New Mexico or Texas cases having been tried. On learning of plaintiff's death, defendant filed a suggestion of death pursuant to Rule 25(a), and notified plaintiff's counsel of this action.

Approximately one year later, defendant again moved to dismiss for failure to prosecute under Rule 41(e). Defendant also urged dismissal for failure to comply with the Rule 25(a) requirement that parties be substituted on suggestion of death. On August 16, 1983 the district court dismissed with prejudice on both grounds. The Court of Appeals affirmed the dismissal solely on the basis that the action had not been actively prosecuted and thus did not reach the Rule 25(a) issue. We therefore address only the propriety of dismissing plaintiff's action for failure to prosecute.

Rule 41(e)(1) provides that where it appears that a plaintiff in a civil proceeding has "failed to take any action to bring such action or proceeding to its final determination for a period of at least three years after the filing of said action or proceeding ... any party to such action or proceeding may have the same dismissed with prejudice to the prosecution." This Court in *State ex rel. Reynolds v. Molybdenum Corp. of America*, 83 N.M. 690, 697, 496 P.2d 1086, 1093 (1972) held that in considering a motion to dismiss under Rule 41(e), the district court "should determine, upon the basis of the court record and the matters presented at the hearing, whether such action has been timely taken by the plaintiff ... and, if not, whether he has been excusably prevented from taking such action." This Court further held that a motion to dismiss under Rule 41(e) is direct-ed at the discretion of the district court and its ruling will not be overturned but for an abuse of discretion. *Id.*

■ Many factors must be considered by the district court in ruling on a motion to dismiss pursuant to Rule 41(e), whether or not they are made a part of the court file. These factors include 1) all written and oral communications between the court and counsel; 2) actual hearings by the court on motions; 3) negotiations and other actions between counsel looking toward the early conclusion of the case; 4) all discovery proceedings; and 5) any other matters which arise and the actions taken by counsel in concluding litigation. *See id.* at 694–95, 496 P.2d at 1090–91; *Sewell v. Wilson*, 97 N.M. 523, 527, 641 P.2d 1070, 1074 (Ct. App.), *cert. denied*, 98 N.M. 50, 644 P.2d 1039 (1982).

In affirming the district court dismissal, the appeals court looked only to the one and one-half year period that transpired between the district court's February 18, 1982 order refusing to dismiss and the August 16, 1983 dismissal order. During this period the appeals court found only discovery activity initiated by defendant which, the court reasoned, did not qualify as activity by plaintiff sufficient to avert dismissal under Rule 41(e). *See Gilman v. Bates*, 72 N.M. 288, 383 P.2d 253 (1963). Accordingly, the court concluded there was no abuse of discretion in dismissing the action due to the one and one-half year period of relative inactivity on plaintiff's part. The effect of focusing analysis only on the one and one-half year period was to obscure prior discovery and other trial preparation efforts on plaintiff's behalf which were directed at concluding the litigation.

■ Although discovery alone is not sufficient to avert dismissal under 41(e), *Carter Farms Co. v. Hoffman-LaRoche, Inc.*, 91 N.M. 132, 571 P.2d 124 (Ct.App.1977), discovery should be considered along with other factors indicating activity to bring litigation to a final determination. *Reynolds v. Molybdenum Corp. of America.* Through February, 1982 plaintiff had en-

gaged in substantial discovery and other trial preparation. Discovery included almost 1,000 pages of deposition testimony. Expert witnesses were retained. Plaintiff's counsel made arrangements with local counsel for trying the New Mexico case. In addition, counsel informed the court by letter dated November 26, 1980 that the case would be tried at the court's direction although counsel preferred to proceed with the Texas matter first.

Furthermore, in opposing defendant's first motion to dismiss, plaintiff submitted a written request for an immediate jury trial. This request, made after the defendant's first motion to dismiss but before the hearing on the motion, may nonetheless be considered. *Sewell v. Wilson,* 97 N.M. at 530, 641 P.2d at 1077. This request, together with the November 26, 1980 letter to the district court and counsel's prior activity indicate that plaintiff was prepared to try the case. That the district court was well aware of the adequacy of plaintiff's activities and preparation is amply demonstrated by the court's February, 1982 denial of defendant's first motion to dismiss after a full hearing on this motion.

Plaintiff's readiness to try the case does not appear to have been diminished during the intervening one and one-half year period. To the contrary, plaintiff was even given a tentative trial date in March, 1982 after defendant's first motion was denied. Although no firm trial date was set, defendant subsequently initiated discovery in the form of a deposition of an expert witness for plaintiff. This of course was primarily for defendant's benefit but it does not indicate that plaintiff's counsel was not prepared to try the case. The only other significant activity which took place after the first motion to dismiss was denied was negotiation between counsel regarding possible dates for future discovery.

In *Dollison v. Fireman's Fund Insurance Co.,* 77 N.M. 392, 423 P.2d 426 (1966), the plaintiff had participated in a pre-trial conference and had been given a trial setting which was subsequently vacated by the district court. In reversing a dismissal under Rule 41(e), this Court reasoned that such activity, initiated prior to the defendant's motion to dismiss, indicated effort by the parties and the district court to expedite the proceedings. On examining the status of the instant litigation at the time defendant's present motion to dismiss was considered, it is apparent that the case was ready for trial. Plaintiff and defendant, together with the district court, had engaged in substantial activities directed at concluding the litigation.

Having been apprised of plaintiff's readiness to try the case and having set a tentative trial date, the district court abused its discretion in subsequently dismissing for failure to prosecute. The Court of Appeals is therefore reversed and the cause remanded to that court for further proceedings consistent with this opinion, including determination of the remaining issue appealed to that court.

IT IS SO ORDERED.

FEDERICI, C.J., and RIORDAN, STOWERS and WALTERS, JJ., concur.