This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CITICORP TRUST BANK, FSB,**

    Plaintiff-Appellant,

v.                                           **NO. A-1-CA-36175**

**CONNIE GALLARDO and**
**JIMMY D. GALLARDO,**

    Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Weinstein & Riley, P.S.
Jason Collis Bousliman
Albuquerque, NM

Akerman LLP
Ashley E. Calhoun
Melissa Louise Cizmorris
Denver, Co

for Appellant

Martin E. Threet & Associates
Alonzo Maestas

for Appellees

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Citicorp Trust Bank FSB (Citicorp) appeals from the district court's order affirming the final judgment. This Court's second calendar notice proposed to affirm the district court's decision dismissing the foreclosure action with prejudice under Rule 1-041(E)(1) NMRA. Citicorp filed a memorandum in opposition to the proposed disposition. Not persuaded by Citicorp's arguments, we affirm.

{2}     This Court's second calendar notice proposed to conclude that assuming Citicorp followed the proper procedures and sought an evidentiary hearing to make its loss mitigation efforts part of the record, any such efforts that did not take place until April 2013, two years after Citicorp filed the complaint, did not constitute timely action under Rule 1-041(E)(1). [2 CN 4-5] *See State ex rel. Reynolds v. Molybdenum Corp.*, 1972-NMSC-027, ¶ 10, 83 N.M. 690, 496 P.2d 1086 (discussing what constitutes timely action under Rule 1-041(E)(1)). Citicorp continues to argue that affirming a dismissal on this basis would chill a mortgagee's and a loan servicer's attempts to keep borrowers in their homes following default over concern those attempts could be viewed as failing to prosecute foreclosure actions. [MIO 7] *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and

2

specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, 297 P.3d 374. However, Citicorp does not demonstrate how the district court's decision "exceed[ed] the bounds of reason," such that it amounted to an abuse of discretion. *Summit Elec. Supply Co. v. Rhodes & Salmon, P.C.*, 2010-NMCA-086, ¶ 6, 148 N.M. 590, 241 P.3d 188 (internal quotation marks and citation omitted); *see Molybdenum Corp.*, 1972-NMSC-027, ¶ 24 (stating that "the discretion of the trial court will be upheld on appeal except for a clear abuse thereof"). Nor does Citicorp point to any specific factual or legal error with this Court's proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{3}** This Court's second calendar notice further proposed to affirm the district court's conclusion that taking almost three years to transfer the file to the new lender was an unreasonable amount of delay, and Citicorp took none of the actions our courts have recognized to bring the case to trial during that time. *See Jones v. Montgomery Ward & Co.*, 1985-NMSC-062, ¶ 10, 103 N.M. 45, 702 P.2d 990 (setting out various factors such as pursuit of discovery, communications between the court and counsel,

and motions hearings actually conducted as bearing on whether sufficient action has been taken). [2 CN 6-7] Citicorp continues to argue that because its motion to substitute parties was filed before the motion to dismiss, the district court abused its discretion by dismissing for lack of prosecution. [MIO 9] *See Mondragon*, 1988-NMCA- 027, ¶ 10. Citicorp does not dispute the facts relied upon in the calendar notice, nor does it point to any error with this Court's proposed disposition. *See Hennessy*, 1998-NMCA-036, ¶ 24.

{4}     Accordingly, for all of these reasons and those stated in the second calendar notice, we affirm.

{5}     **IT IS SO ORDERED.**


_____
                                      **TIMOTHY L. GARCIA, Judge**


**WE CONCUR:**


_____
**M. MONICA ZAMORA, Judge**


_____
**J. MILES HANISEE, Judge**