This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40778

**ERICA SOTO,**

Plaintiff-Appellant,

v.

**JESUS ARDON-LEON and MGA AUTO INSURANCE INC. (GAINSCO AUTO INSURANCE),**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Bryan Biedscheid, District Court Judge**

John A. Aragon
Santa Fe, NM

for Appellant

Butt, Thornton & Baehr, PC
James H. Johansen
Jason J. Patton
Albuquerque, NM

for Appellees

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}**     Plaintiff appeals from the district court's order granting Defendants' motion to dismiss her complaint for failure to prosecute her claim, pursuant to Rule 1-041(E)(1) NMRA, and its order denying Plaintiff's motion for reconsideration. We issued a calendar notice proposing to affirm. Plaintiff has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}**     In her memorandum in opposition, Plaintiff continues to assert that the district court abused its discretion when it dismissed her complaint for lack of prosecution, pursuant to Rule 1-041(E)(1). [MIO 5-7] Plaintiff attempts to distinguish *Benally v. Pigman*, 1967-NMSC-148, ¶ 10, 78 N.M. 189, 429 P.2d 648, arguing that since *Benally* was decided, our Supreme Court has "given meaning to the policy that Rule 1-041(E) should not be applied in complete disregard of this Court's often stated concerns for the rights of litigants to have their day in court and their cases decided on the merits and not trivial technicalities." [MIO 5-6] *See Summit Elec. Supply Co. v. Rhodes & Salmon, P.C.*, 2010-NMCA-086, ¶ 14, 148 N.M. 590, 241 P.3d 188 (explaining that Rule 1-041(E) is intended to promote judicial efficiency, conclude stale cases, but "should not be applied in complete disregard of this Court's often stated concerns for the rights of litigants to have their day in court and their cases decided on the merits and not on trivial technicalities" (alteration, internal quotation marks, and citation omitted)). Plaintiff also asserts that the district court did not consider the two-prong test it should have considered before granting the motion to dismiss. *See State ex rel. Reynolds v. Molybdenum Corp. of Am.*, 1972-NMSC-027, ¶ 24, 83 N.M. 690, 496 P.2d 1086, *superseded by rule on other grounds as stated in Rodriguez ex rel. Rodarte v. Sanchez*, 2019-NMCA-065, 451 P.3d 105 (providing that the district court must determine (1) whether the plaintiff took timely, significant action to bring their claim to an end and, if not, (2) whether the plaintiff was excusably prevented from taking such action); *see also Jones v. Montgomery Ward & Co.*, 1985-NMSC-062, ¶ 10, 103 N.M. 45, 702 P.2d 990 (setting forth factors for the district court to consider when evaluating whether there was timely, significant action).

**{3}**     Although Plaintiff is correct that Rule 1-041(E) should be used sparingly so as to give litigants their day in court, we remain persuaded that the actions taken by Plaintiff in this case were not timely and cannot be considered as "significant action." *See Reynolds*, 1972-NMSC-027, ¶ 10. As we set forth in our proposed disposition, Plaintiff's counsel attempted to locate and serve Defendant Ardon-Leon, which led to a delay and "prevented Plaintiff from taking any significant action[.]" [MIO 2] Apart from the discovery requests to which Plaintiff responded, and the service by publication, Plaintiff took no other action to move the case forward until the district court filed a notice of inactivity. [CN 4] At that point, Plaintiff's counsel requested a scheduling conference, at which he failed to appear, and he did not request another one until after Defendants filed their motion to dismiss. [CN 4-6] In her memorandum in opposition, Plaintiff does not dispute these facts, nor does she point to new facts or authority to persuade us that our proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{4}**     Plaintiff also argues that the record proper does not reflect the work she and her counsel put into preparing her case and that her counsel did take significant action to bring the case to trial. [MIO 2, 6-7] Specifically, Plaintiff maintains that "all trial preparations could be accomplished, and a case fully tried and concluded, except for the entry of judgment, when the time expires under Rule [1-0]41(E)" and that there

"could properly be nothing in the court file other than the complaint, summons and return thereon, and the answer to the complaint." [MIO 6-7] Plaintiff further asserts that she and her counsel "prepared their whole case for trial" and that the district court "was informed that [P]laintiff's case was ready for trial." [MIO 2] Finally, Plaintiff states that "[t]his is information that would have been offered into evidence at hearing to demonstrate significant actions taken by Plaintiff to finish the case." [MIO 3] Despite her new assertions to this Court that she was prepared for trial, Plaintiff has not shown that this argument was raised before the district court. In her response to Defendants' motion to dismiss for lack of prosecution, Plaintiff argued that her counsel took significant action when he attempted to locate and serve Defendant Ardon-Leon and that her counsel failed to attend the scheduling conference due to an unforeseen medical complication. [RP 65-67] However, despite Plaintiff's assertions in her memorandum in opposition, she has not demonstrated that she alerted the district court that she was prepared to go to trial. "It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." *Chan v. Montoya*, 2011-NMCA-072, 150 N.M. 44, 256 P.3d 987 (internal quotation marks and citation omitted). We are unpersuaded that Plaintiff has demonstrated that she presented this argument to the district court such that it was preserved. *See Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." (internal quotation marks and citation omitted)); *Losey v. Norwest Bank of N.M., N.A.* (*In re Norwest Bank of N.M., N.A.*), 2003-NMCA-128, ¶ 30, 134 N.M. 516, 80 P.3d 98 (stating that this Court will not search the record for evidence of preservation). Accordingly, we conclude that the district court did not abuse its discretion in dismissing Plaintiff's case for lack of prosecution.

**{5}**     Plaintiff also continues to maintain that the district court erred in failing to conduct a hearing on Defendants' motion to dismiss. [MIO 7] Plaintiff cites to a prior version of Rule 1-041(E)(1) in support of her argument that the "rule contemplates a hearing upon a motion to dismiss at which the parties may present evidence." [MIO 7] In addition, Plaintiff argues that under the local rules, a movant must request a hearing, and because Defendants did not do so, "Plaintiff was deprived of her right to a hearing." [MIO 3-4] She points to Local Rule 1-306, which she asserts governs "package procedure," and asserts that "the movant *shall* submit to the court a copy of the motion, response and reply and a request for a hearing." [MIO 4] Plaintiff, however, cites to the wrong rule. Local Rule 1-201, which governs motion practice, instead provides what the "package procedure" requires. Specifically, Local Rule 1-201 states that "the movant shall submit to the judge assigned to the case a copy of the motion, any response, any reply, and a copy of *a request for hearing . . .* and notice of hearing form, *if a party is seeking a hearing*, in a package." (Emphases added.) The language of Local Rule 1-201 directly contradicts Plaintiff's assertion that the movant must request a hearing. Here, Defendants did not request a hearing, which is allowed by the rule, and the district court did not hold one. As Plaintiff has not provided us with any other facts or authority to persuade us that our proposed disposition was erroneous, we conclude that the district court did not abuse its discretion in resolving this matter on the pleadings.

**{6}** Finally, this Court's proposed summary disposition proposed to conclude that Plaintiff failed to demonstrate that the district court abused its discretion when it dismissed her case without providing factual findings or conclusions of law, without considering lesser sanctions, and without any showing that Defendants had suffered any prejudice from the delay. [CN 8] In addition, this Court proposed to conclude that there was no excusable neglect where counsel failed to take action to move the case toward a final determination. [CN 9-10] Plaintiff has not responded to our notice of proposed summary affirmance on these issues in her memorandum in opposition. *See Taylor v. Van Winkle's Iga Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement, but not contested in a memorandum in opposition are abandoned).

**{7}** For the reasons stated in our notice of proposed disposition and herein, we affirm the district court's dismissal of Plaintiff's complaint for failure to prosecute her claim, and its order denying Plaintiff's motion for reconsideration.

**{8}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**MEGAN P. DUFFY, Judge**