741 P.2d 1377

**Esteban M. JIMENEZ, Petitioner,**

v.

**WALGREENS PAYLESS and the Travelers Insurance Company, Respondents.**

**No. 16769.**

Supreme Court of New Mexico.

Sept. 3, 1987.

Houston L. Morrow, Santa Fe, for petitioner.

Walgreens Payless, pro se.

The Travelers Ins. Co., pro se.

## OPINION

SOSA, Senior Justice.

On October 4, 1984 the trial court, on its own initiative, dismissed the workman's compensation complaint which had been filed by Esteban M. Jimenez (Jimenez). In a memorandum opinion the court of appeals affirmed the trial court and Jimenez filed a petition for issuance of a writ of certiorari to the court of appeals. We granted certiorari, and upon review of the petition, the court of appeals' file, and the record below, we reverse the court of appeals.

## FACTS

Jimenez filed his complaint on February 9, 1981. The answer was filed on March 2, 1981. The next pleading to appear in the record is signed by Jimenez's attorney and captioned "Request For Hearing," bearing the filing date of January 6, 1983, and showing a hearing date of February 9, 1983. Under the heading, "Specific matter(s) to be heard," the document reads "Defendant's Motion to Dismiss."

Below the listing on the civil docket sheet showing Jimenez's request for hearing, the following appears: "Feb. 1. Subpoena Duces Tecum Issued To [a certain doctor] on February 9, 1983 requested by [Jimenez's attorney] * * * Subpoena Duces Tecum Issued To [another witness], on February 9, 1983 at 9:00 a.m. requested by [Jimenez's attorney]." No copies of the subpoenas appear in the district court's file.

The next document appearing in the district court's file is again entitled "Request For Hearing," again signed by Jimenez's attorney; this time dated June 29, 1983, and this time showing a hearing date of July 14, 1983 for argument on defendant's motion to dismiss. The next pleading of record is captioned "Motion To Vacate," signed by Jimenez's attorney, requesting that the court "vacate the setting of July 14, 1983 and as grounds therefore states that counsel has a conflict of commitments and cannot be present for the July 14, 1983 setting." This pleading was duly recorded on the civil docket sheet, as was the trial court's order granting the motion to vacate.

The next document in the court's file dated October 4, 1984, and captioned "Order," reads as follows: "This matter came before the court upon periodic review of all open case files. After examination of the present record, the court finds that the Plaintiff has taken no steps to bring this matter to a final resolution within a reasonable period of time and that, therefore, this matter should be dismissed." The order was issued without the court's having given Jimenez notice or opportunity for a

hearing. Nor does the record explicitly inform us as to whether the motion to dismiss specified in the two requests for hearing filed by Jimenez pertains to the court's order of dismissal, or whether the subject motion was filed on different grounds. Thus, we cannot tell from the record whether the defendant ever asked the court to dismiss the action on the grounds stated in the court's order of October 4, 1984.

Jimenez, having retained new counsel, filed his "Motion for Relief From Order of Dismissal" on January 9, 1986, relying on SCRA 1986, 1–060. On August 22, 1986, the trial court denied this motion, and the present appeal resulted.

## ISSUES RAISED ON APPEAL

■ Although the trial court's order did not specify which rule of civil procedure, if any, it relied on in dismissing Jimenez's case, the nature of the order leads us to believe that the court relied on SCRA 1986, 1–041(E) (known as Rule 41(e)). The court of appeals, in its memorandum opinion of November 4, 1986, cites cases pertinent to that rule. The principal case upon which we must rely in resolving the issue before us is *State ex rel. Reynolds v. Molybdenum Corp. of Am.*, 83 N.M. 690, 496 P.2d 1086 (1972), in which this court, by lengthy analysis, addressed itself to "[t]he multitudinous problems with the application of this rule [Rule 1–041(E)], the rule's productivity of disputes and consequent appeals, and, in our opinion, the many injustices worked by the application of this court's constructions of the rule * * * *" *Id.* at 693, 496 P.2d at 1089.

In *State ex rel. Reynolds v. Molybdenum Corp. of Am.* we held that Rule 1–041(E) "contemplates a hearing upon a motion to dismiss at which the parties may present evidence on the issue of whether [quoting from the previous codification of the rule] ' * * * the plaintiff therein or any defendant filing a cross-complaint therein has failed to take any action to bring such action or proceeding to its final determination for a period of at least three [3] years

after the filing of said action or proceeding or of such cross-complaint * * * *' " 83 N.M. at 697, 496 P.2d at 1093. Thus, if the trial court relied for its order of dismissal on the stated rule, it erred by not allowing a hearing at which the parties could have presented evidence.

■ Further, if Rule 1–041(E) is the basis of the trial court's order of dismissal, *Reynolds* stands for the proposition that a party's filing of requests for discovery constitutes sufficient action to avoid dismissal under the rule. *See* Annot., 32 A.L.R. 4th 840, 876 (1984). Here the record shows that Jimenez attempted some form of discovery by requesting subpoenas for two witnesses. What the result of this request was we cannot tell, for the trial court's civil docket sheet and its file are too vague to inform us. Fundamental justice, however, prohibits us from making Jimenez suffer from this vagueness. It is clear that Jimenez made some effort within three years of the filing of his complaint to further the prosecution of his case toward a final determination.

The court of appeals in its memorandum opinion also states, "it was not necessary for defendants to file a motion to dismiss or for the court to hold a hearing on the matter," citing as authority the cases of *Pettine v. Rogers*, 63 N.M. 457, 321 P.2d 638 (1958) and *Mora v. Hunick*, 100 N.M. 466, 672 P.2d 295 (Ct.App.1983). We disagree with the court of appeals' reliance on these two cases. First of all, to the extent that *Pettine v. Rogers* was not overruled by *Reynolds*, 83 N.M. at 697, 496 P.2d at 1093, the case before us presents the additional issue of the trial court's failure to rely on its own local rules, in particular, on Rule 43, "Dismissal of Cases," which states in pertinent part:

(b) If an examination of the court file shows that no substantial activity has occurred in the action for a period of six (6) months or more, the action will be dismissed for lack of prosecution upon the following procedure:

1. the court shall issue an Order to Show Cause why the action should not be dismissed; and

2. the parties shall have ten (10) days within which to respond, in person or in writing, as the court may determine.

*N.M.Loc. & Fed.Rules Handbk.* Issue 18 (Nov.1986), First Judicial District, Rule 43. Here no order to show cause was issued, and the parties were thus not given the opportunity to respond as required by the local rule.

 We thus conclude that the court of appeals was in error to hold in its memorandum opinion that, "[t]he trial court has inherent power to dismiss a cause for failure to prosecute independent of any statute or rule." To the extent that such a proposition is based on the ruling in *Pettine v. Rogers,* it is at odds with *Reynolds,* and thus invalidated by our holding in that case.

We reverse the court of appeals and instruct the trial court to vacate its order of dismissal and reinstate Jimenez's case on the court's active docket for such further proceedings as are not inconsistent with our ruling herein.

IT IS SO ORDERED.

SCARBOROUGH, C.J., and STOWERS and WALTERS, JJ., concur.