781 P.2d 1156

**COTTONWOOD ENTERPRISES, a California limited partnership, Plaintiff–Appellant,**

v.

**Mark McALPIN, Barbara McAlpin, and Territorial Abstract and Title Company, Defendants–Appellees.**

**No. 18199.**

Supreme Court of New Mexico.

Oct. 26, 1989.

As Amended Oct. 30, 1989.

Rehearing Denied Nov. 15, 1989.

Sommer, Udall & Hardwick, P.A. Jack N. Hardwick, Santa Fe and Wade H. Hover, Los Gatos, Cal., for plaintiff-appellant.

Moses, Dunn, Beckley, Espinosa & Tuthill, P.C., Jon H. Tuthill, Albuquerque, for defendant-appellee Territorial Abstract.

Scheuer & Engel, P.C., Richard S. Lees, Santa Fe, for defendants-appellees the McAlpins.

## OPINION

BACA, Justice.

Plaintiff appeals the dismissal of its claim based on an SCRA 1986, 1–041(E) motion to dismiss for inactivity, arguing that the trial court's grant of the motion constituted abuse of discretion. Plaintiff also contends that dismissal pursuant to defendants' SCRA 1986, 1–012(B)(6) motion for failure to state a claim upon which relief can be granted and defendants' SCRA 1986, 1–012(B)(7) motion for failure to join a necessary party would have been erroneous. We reverse the trial court's grant of the 1–041(E) motion, which dismissed the cause with prejudice for inactivity, and remand to the trial court for consideration of defendants' other motions and for trial, if required.

## FACTS

Plaintiff filed its initial complaint in this action, alleging misrepresentation, negligence and breach of warranty arising out of a contract for the sale of realty and title services rendered in connection with the sale of property against defendants Mark

and Barbara McAlpin (McAlpins) and Territorial Abstract and Title Company (Territorial). The action was originally filed on April 20, 1983.

Immediately subsequent to filing the action, plaintiff engaged in a flurry of activity, filing, among other things, motions for injunctive relief and responses to defendants' motions. It promptly requested trial settings several times, and appeared to be actively pursuing its case. However, after approximately a year and a half of activity, plaintiff's case lay fallow for over two years. In September 1986, defendants filed a motion to dismiss for inactivity, which was denied on August 11, 1987. The case was subsequently transferred to Judge Maes' court, and on July 15, 1988, plaintiff filed a request for a trial setting. Judge Maes granted the request and set trial for October 27, 1988. On July 28th, the McAlpins filed a second motion to dismiss for lack of prosecution, as well as second motions to dismiss pursuant to 1–012(B)(6) and (7). Defendants also moved to vacate the trial setting. On October 12th, a hearing was held on the motions, at which plaintiff chose not to appear. Judge Maes granted the motion to dismiss for inactivity pursuant to 1–041(E).

On this appeal, we consider two issues: (1) whether the trial court abused its discretion by granting defendants' motion to dismiss, and (2) whether the dismissal was proper pursuant to the trial court's inherent discretion to dismiss a cause of action for inactivity. We reverse the order of the trial court granting defendants' 1–041(E) motion to dismiss for lack of diligence in bringing the matter to a conclusion, and remand for a consideration of defendants' motions and trial.

## I. DID THE TRIAL COURT ABUSE ITS DISCRETION BY GRANTING THE 1–041(E) MOTION TO DISMISS?

SCRA 1986, 1–041(E)(1) provides that, in a civil action, "when it shall be made to appear to the court that the plaintiff ... has failed to take any action to bring such action or proceeding to its final determination for a period of at least three (3) years after the filing of said action ..., any party to such action or proceeding may have the same dismissed with prejudice...."

In considering a 1–041(E) motion, a district court "should determine, upon the basis of the court record and the matters presented at the hearing, whether such action has been timely taken by the plaintiff, ... and, if not, whether he has been excusably prevented from taking such action. *State ex rel. Reynolds v. Molybdenum Corp. of America,* 83 N.M. 690, 697, 496 P.2d 1086, 1093 (1972). The trial court has discretion to determine a motion to dismiss for inactivity, and its decision will not be reversed except for abuse of discretion. *Id.*

Plaintiff first contends that the district court abused its discretion, because plaintiff had diligently attempted to bring its cause to a final determination. In support of this argument, plaintiff identifies the two motions it filed for a trial setting in 1983 and 1984, defendants' reluctance to submit responsive pleadings, various motions plaintiff filed in 1987 and 1988, the filing of its first amended complaint in 1988, and its third request for a trial setting in July 1988. The facts of this case do not require us to determine whether plaintiff's actions constituted adequate activity to satisfy 1–041(E), because we find plaintiff's second argument is meritorious. However, it bears stating that plaintiff's conduct in pursuing its case was not a model of trial practice to be followed by other members of the bar. It should be noted that plaintiff's counsel on appeal was not plaintiff's trial counsel. If not for plaintiff having been granted a trial date prior to the granting of the motion to dismiss, as discussed *infra,* defendants had very strong grounds on which to argue for dismissal.

Plaintiff argues that, because it had filed for and been granted a trial date prior to the district court's grant of the motion to dismiss, it had been actively pursuing a final determination, and therefore the district court abused its discretion. We agree, and remand for further consideration.

In *Martin v. Leonard Motor–El Paso*, 75 N.M. 219, 222–23, 402 P.2d 954, 957 (1965), this court determined that when a plaintiff has made a written motion to set a date for trial, preliminary activities leading toward a trial need not be considered for a determination that the plaintiff is actively pursuing its cause. The court interpreted Rule 1–041(E) to be satisfied "when the requisite action is taken to bring the case to its final determination," even if the mandatory period has expired. *Id.* at 222, 402 P.2d at 956. It is necessary for the defendant to "invoke his right to compel a dismissal" by filing a written motion to dismiss, prior to plaintiff actively bringing the case to trial. *Id.* As the court stated:

> [T]he defendant may not sleep upon such rights and permit a party to continue prosecution of a case which is subject to being dismissed upon motion, expending both time and money, and particularly to take action to bring the case to its final determination, and then press for a dismissal.... [I]t cannot be denied that the filing of the motion for a trial setting on the merits amounted to action by the plaintiff to bring the case to its final determination, and that such action came before the defendant elected to invoke his right to dismissal.

*Id.* at 222–23, 402 P.2d at 957 (citations omitted). *See also Jones v. Montgomery Ward & Co.*, 103 N.M. 45, 48, 702 P.2d 990, 993 (1985) (determining that a written request for a jury trial, properly submitted to the court subsequent to defendant's 1–041 motion to dismiss but prior to the hearing, should be considered in evaluating whether plaintiff is actively pursuing his case); *Baca v. Burks*, 81 N.M. 376, 377, 467 P.2d 392, 393 (1970) (Rule 1–041(E) "is not self-executing but requires the timely filing of a motion for its operation"); *Foundation Reserve Ins. Co. v. Johnston Testers, Inc.*, 77 N.M. 207, 421 P.2d 123 (1966).

■ What constitutes activity bringing a case to a final determination must be decided considering the facts of each case. *Martin*, 75 N.M. at 222, 402 P.2d at 956–57. Thus, the filing for a trial date does not per se mandate that the 1–041 motion must be denied. *See, e.g., Stoll v. Dow*, 105 N.M. 316, 731 P.2d 1360 (Ct.App.1986) (although plaintiff had filed a motion for a trial setting, the motion was over eleven years old when defendant moved to dismiss, and the circumstances indicated that plaintiff was not actively bringing his case to trial).

In the instant case, however, plaintiff moved the district court for a trial setting, and was granted a setting, prior to defendant's second motion to dismiss. Although we do not wish to condone plaintiff's failure to appear at the hearing held on the motion, his irresponsibility did not warrant dismissal for inactivity. Judge Maes had other weapons in her judicial arsenal with which to reprimand the plaintiff; however, dismissal was not the appropriate sanction. Ultimately, plaintiff did file for a trial setting, thereby acting to bring the case to a conclusion and saving itself from a likely dismissal. Although defendants are correct in stating that a plaintiff has an affirmative duty to bring the case to a conclusion and cannot rest on motions for trial settings that are not being acted upon by the court, *see Stoll*, 105 N.M. at 319, 731 P.2d at 1363, defendants waited too long to assert their position. They should not have waited to file their second 1–041(E) motion until after plaintiff had moved for and been granted a trial setting. *See Martin*, 75 N.M. at 222, 402 P.2d at 957. As this court has stated: "[T]he rights afforded by the rule are intended to expedite the prosecution of litigation in our courts...." *Id.* In the present case, this policy has been achieved through the granting of a trial setting. *Id.* Defendants should not have sat on their rights while plaintiff satisfied Rule 1–041(E)'s requirements, and their subsequent motion to dismiss was too late.

Defendants maintain that the order dismissing the case was merely a reconsideration of the original denial of their motion to dismiss, and that Judge Maes properly reconsidered Judge Kaufman's denial of the motion. Defendants contend that, because the order was entered without a hearing or finding of fact to support its conclusion, it was contrary to court rules and subject to reconsideration. However, our review of the record indicates that the matter of re-

consideration of the earlier motion was not raised before Judge Maes at the hearing on the second motion to dismiss. We therefore find that defendants' contention is without merit.

## II. WAS IT WITHIN THE DISTRICT COURT'S INHERENT POWERS TO DISMISS FOR INACTIVITY?

■ It is within a trial judge's inherent power to dismiss a cause of action for failure to prosecute, independent of any statutory authority. *Gathman–Matotan Architects & Planners, Inc. v. State*, 107 N.M. 113, 114, 753 P.2d 892, 893 (1988); *Smith v. Walcott*, 85 N.M. 351, 512 P.2d 679 (1973). Such an order will be reviewed for abuse of discretion. *Pettine v. Rogers*, 63 N.M. 457, 460, 321 P.2d 638, 640 (1958).

■ McAlpins contend that it was within Judge Maes' inherent authority to dismiss, and that she did not abuse her discretion. Nevertheless, as discussed above, a trial setting had been obtained by plaintiff from Judge Maes. Given that circumstance, dismissing the case pursuant to the district court's inherent authority constituted abuse of discretion.

## CONSIDERATION OF THE 1–012(B)(6) AND (7) MOTIONS

Both plaintiff and defendants agree that the district court did not consider defendants' motions filed pursuant to SCRA 1986, 1–012(B)(6) and (7). Accordingly, we make no decision regarding the merits of these motions and remand the cause of action to the district court for consideration. *See* SCRA 1986, 12–201.

IT IS SO ORDERED.

LARRABEE, J., and STEVE HERRERA, District Judge (sitting by designation), concur.