823 P.2d 944

**NEW MEXICO WATER QUALITY CONTROL COMMISSION and the Environmental Improvement Division of the New Mexico Health and Environment Department, Plaintiffs–Appellants,**

v.

**EMERALD CORPORATION, INC., Ralston Oil Company, Inc., Ralston, Inc., and Unico, Inc., Defendants–Appellees.**

No. 11712.

Court of Appeals of New Mexico.

Nov. 22, 1991.

Louis W. Rose, Sp. Asst. Atty. Gen., Deputy Gen. Counsel, Susan C. Kery, Sp. Asst. Atty. Gen., Asst. Gen. Counsel, Santa Fe, for plaintiffs-appellants.

Michael J. Condon, Gallegos Law Firm, Santa Fe, for defendant-appellee Unico, Inc.

Lyman G. Sandy, Miller, Stratvert, Torgerson & Schlenker, P.A., Albuquerque, for defendant-appellee Emerald Corp.

Esteban A. Aguilar, The Payne Law Firm, P.C., Albuquerque, for defendant-appellee Ralston Oil Co.

## OPINION

APODACA, Judge.

The New Mexico Water Quality Control Commission and the Environmental Improvement Division of the New Mexico Health and Environment Department (plaintiffs) appeal the district court's dismissal with prejudice of plaintiffs' complaint. The dismissal was based on SCRA 1986, 1–041(E) (Rule 41(E)), which allows such dismissal if a plaintiff has failed to take steps to "bring such action or proceeding to its final determination for a period of at least three (3) years * * *." We hold that plaintiffs' action in the proceeding against only one defendant of several multiple defendants was sufficient to defeat a Rule 41(E) motion. We therefore reverse the district court.

On August 1, 1985, plaintiffs filed a complaint against Emerald Corporation, Ralston Oil Company, Ralston, Unico (defendants), and Bar–F Enterprises (Bar–F). Plaintiffs sought civil penalties and injunctive relief based on alleged contamination of soil and ground water due to leaking underground storage tanks located under a Diamond Shamrock gas station. The complaint alleged that each defendant owned the storage tanks, transmission lines, and pumps at the station during the relevant period. Bar–F was the last defendant to

own the station. The parties engaged in pretrial discovery from November 21, 1985, to June 16, 1986. During discovery, plaintiffs and Bar–F initiated settlement discussions, which eventually culminated in a settlement agreement on May 5, 1987.

As part of the settlement agreement, Bar–F conducted a hydrogeological investigation to define the area extent and magnitude of petroleum products contamination both on and off site attributable to losses of oil products from the Diamond Shamrock station. This investigation was completed in November 1988. Plaintiffs and Bar–F filed a joint motion to dismiss Bar–F from the action on February 10, 1989, and an order of dismissal was entered that same day.

On June 6, 1989, defendants moved for dismissal with prejudice under Rule 41(E), asserting that plaintiffs had failed to take any action to bring the case to a final determination for more than three years. Plaintiffs opposed the motion on the ground that their pursuit of a settlement against one defendant in anticipation of resolving the dispute against the other defendants was sufficient to avoid dismissal under Rule 41(E). After a hearing, the district court granted defendants' motion and ordered plaintiffs' suit dismissed with prejudice on July 5, 1989.

█ The precise issue presented by this appeal, whether action against one defendant in an action involving multiple defendants is sufficient to avoid dismissal under Rule 41(E), has not been addressed previously in New Mexico. The rule states:

   E. **Dismissal of action with prejudice.** (1) In any civil action or proceeding pending in any district court in this state, including actions in which a jury trial has been demanded, when it shall be made to appear to the court that the plaintiff therein * * * has failed to take any action to bring such action or proceeding to its final determination for a period of at least three (3) years after the filing of said action or proceeding * * *, any party to such action or proceeding may have the same dismissed with prejudice * * * by filing in such pending action or proceeding a written motion moving the dismissal thereof with prejudice. R. 1–041(E). A district court has discretion in determining whether to dismiss for inactivity, and its decision will be reversed only if there has been an abuse of discretion. *Cottonwood Enters. v. McAlpin*, 109 N.M. 78, 781 P.2d 1156 (1989).

█ We hold that neither Rule 41(E) nor our case law requires that a plaintiff be equally active in prosecuting the claim against all of the defendants. "What constitutes activity bringing a case to a final determination must be decided considering the facts of each case." *Cottonwood Enters. v. McAlpin*, 109 N.M. at 80, 781 P.2d at 1158. The trial court must consider all the activity conducted by the plaintiff, not just activity appearing in the court record. *State ex rel. Reynolds v. Molybdenum Corp. of Am.*, 83 N.M. 690, 496 P.2d 1086 (1972). As noted in *Jones v. Montgomery Ward & Co.*, 103 N.M. 45, 47, 702 P.2d 990, 992 (1985):

   Many factors must be considered by the district court in ruling on a motion to dismiss pursuant to Rule 41(e), whether or not they are made a part of the court file. These factors include 1) all written and oral communications between the court and counsel; 2) actual hearings by the court on motions; 3) negotiations and other actions between counsel looking toward the early conclusion of the case; 4) all discovery proceedings; and 5) any other matters which arise and the actions taken by counsel in concluding litigation.

A plaintiff is not required to have actually concluded the matter within three years; he is only required to have "made some effort within three years of the filing of his complaint to further the prosecution of his case toward a final determination." *Jimenez v. Walgreens Payless*, 106 N.M. 256, 258, 741 P.2d 1377, 1379 (1987). In fact, the mere filing of requests for discovery constitutes sufficient action to avoid dismissal under Rule 41(E). *See id.*

In a case in which there are multiple defendants, and no action is taken against one or more of the defendants, but plaintiff has acted to bring the case to a final con-

clusion against one or more of the other defendants, the court should consider the entire history of the case, the effect that a dismissal of one party will have on the litigation, and other attendant circumstances, in determining whether the case should be dismissed against one or more of the remaining defendants under Rule 1–41(E). *See Jones v. Montgomery Ward & Co.*

In this appeal, we believe that plaintiffs took sufficient action toward bringing the case to a final determination, thus satisfying Rule 41(E)'s requirement. In fact, plaintiffs reached a final determination against Bar–F. Plaintiffs and Bar–F entered into a settlement agreement in May 1987, and entered a Joint Order of Dismissal dismissing Bar–F from the case in February 1989. Between May 1987 and November 1988, as part of the settlement agreement with plaintiff, Bar–F conducted an extensive hydrogeological investigation into the extent of the contamination. Thus, in light of each of these factors, we conclude that plaintiffs did not "[fail] to take any action to bring such action or proceeding to its final determination for a period of at least three (3) years after the filing of said action or proceeding," as required by Rule 41(E). We therefore hold that the district court abused its discretion in dismissing the action with prejudice.

Although our holding is based solely on our reading of the New Mexico case law previously addressing dismissals under Rule 41(E), we observe that only one other state with a rule comparable to ours has addressed that rule's application to multiple defendants. The courts in Florida have generally held that action taken against one of several defendants involved in the same lawsuit will defeat dismissal under Florida's rules. *See, e.g., Belli v. Porsche–Audi of Broward, Inc.,* 503 So.2d 441 (Fla. Dist.Ct.App.1987); *Koenig v. Delotte Haskins & Sells,* 474 So.2d 305 (Fla.Dist.Ct. App.1985); *Mueller v. North Broward Hosp. Dist.,* 403 So.2d 581 (Fla.Dist.Ct.App. 1981); *DeVaney v. Rumsch,* 247 So.2d 69 (Fla.Dist.Ct.App.1971).

Relying on *Martin v. Leonard Motor–El Paso,* 75 N.M. 219, 402 P.2d 954 (1965), defendants next contend that "New Mexico has long recognized the trial court's inherent power to dismiss a complaint for lack of prosecution in furtherance of the orderly administration of justice." A trial judge has the "inherent power to dismiss a cause of action for failure to prosecute, independent of any statutory authority." *Cottonwood Enters. v. McAlpin,* 109 N.M. at 81, 781 P.2d at 1159. Such dismissals are reviewed for abuse of discretion. *Id.*

Defendants argue that the district court "could have and should have" dismissed plaintiffs' claim under its inherent power to dismiss actions for inactivity. Yet, there is no indication in the record that the district court exercised such authority independent of Rule 41(E). Nevertheless, plaintiffs' activity regarding Bar–F, as previously noted, demonstrated plaintiffs' efforts to bring the cause to a final determination and therefore, had the district court exercised such inherent power, it would have been an abuse of discretion in any event.

In summary, we conclude that, under the facts of this appeal, action taken by plaintiffs with respect to Bar–F, in an action involving multiple defendants, was sufficient to avoid dismissal under Rule 41(E). We thus hold that the district court abused its discretion in dismissing the case for failure to prosecute. We remand with instructions to reinstate plaintiffs' complaint and for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DONNELLY and FLORES, JJ., concur.