This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**FNBN-RESCON I LLC,**

Plaintiff,

v.                                          NO.   33,292

**LLAVE ENTERPRISES, INC., LLAVE CONSTRUCTION, INC., LLAVE DEVELOPMENT, INC., ROBERT B. KEERAN, CYNTHIA J. KEERAN, JEFFREY A. ZUMWALT, LORRI M. ZUMWALT, STOCK BUILDING SUPPLY, INC., SCOTT'S FENCING COMPANY, INC., HIGH MESA CONSULTING GROUP, RESOURCE TECHNOLOGY, INC., ALBUQUERQUE PUBLIC SCHOOL DISTRICT, CITY OF ALBUQUERQUE, ED WHITEHOUSE, CHARLENE WHITEHOUSE, CAROLIN M. CHAVEZ, KEVIN P. CHAVEZ, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as nominee for Mortgage Capital Associates, Inc., and its successors and assigns, DANIEL L. GRACE, ELISE L. GRACE, BANK OF AMERICA, N.A., ATLAS PUMPING COMPANY, INC., D.D.T. ROCK HARD CONCRETE CO., and BOARD OF COUNTY COMMISSIONS OF BERNALILLO COUNTY,**

Defendants.

and

**HSBC BANK USA, N.A.,**

Counter/Cross Plaintiff-Appellant,

v.

**LLAVE ENTERPRISES, INC., a New Mexico corporation,**

  Cross/Counter Defendant-Appellee,

and

**KEVIN P. CHAVEZ, a/k/a KEVIN PATRICK CHAVEZ, CAROLIN M. CHAVEZ, a/k/a CAROLIN M. DELKER, a/k/a CAROLIN M. DOERR, FNBN-RESCON I LLC, ATLAS PUMPING CO, INC., AND D.D.T. ROCK HARD CONCRETE CO.,**

  Cross/Counter Defendants.

Consolidated with

**HSBC BANK USA, N.A.,**

  Plaintiff-Appellant,

v.               **NO. 33,518**

**LLAVE ENTERPRISES, INC., a New Mexico corporation,**

  Defendant-Appellee,

and

**KEVIN P. CHAVEZ, a/k/a KEVIN PATRICK CHAVEZ, CAROLIN M. CHAVEZ, a/k/a CAROLIN M. DELKER, a/k/a CAROLIN M. DOERR, and UNKNOWN TENANT (REAL NAME UNKNOWN),**

  Defendants.

2

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**C. Shannon Bacon and Alan M. Malott, District Judges**

Rose L. Brand & Associates, P.C.
Eraina M. Edwards
Albuquerque, NM

for Appellant HSBC Bank USA, N.A.

Foster, Rieder & Jackson, P.C.
J. Douglas Foster
Albuquerque, NM

for Appellee Llave Enterprises, Inc.

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

{1}    HSBC Bank USA, N.A., (HSBC) appeals the dismissals of its successive identical suits for mortgage foreclosure against the same defendant by two district judges in two separate cases. The problems of which it complains are of HSBC's own making, and the decisions the courts made are well within their discretion. HSBC, prior to a dismissal of fatally defective claims filed in the first action, filed a second amended case concerning the same subject matter and parties. Having run afoul of Rule 1-041(E)(1) NMRA by allowing the first suit to languish without having taken significant action to conclude it, HSBC's first suit was involuntarily dismissed with prejudice. The second suit was then dismissed with prejudice on grounds of res judicata based on the dismissal of the first suit. For the reasons that follow, we affirm.

{2}     Because this is a memorandum opinion, and the parties are familiar with the facts and procedural history of the case, they will be mentioned only in so far as necessary to support the decision herein.

**DISCUSSION**

{3}     In October 2009, FNBN-RESCON I LLC (FNBN) filed a foreclosure action (CV-11772) against four properties. This case involves one of the four claims, which was based on FNBN's mistaken belief that it had a first priority mortgage on property owned by Llave Enterprises, LLC (Defendant). In fact, HSBC held the first lien position, and on May 6, 2010, counterclaimed against FNBN, who dismissed its claims as to the property concerned in this case.

{4}     HSBC also filed with that counterclaim a cross-claim for foreclosure against the original purchasers[1] and their successors by deed, Defendants. In December 2010, HSBC filed a notice of intent to take a default judgment in the case that it did not pursue further.

{5}     By February 2011, as a result of information received by HSBC from federal agencies that indicated that documents supporting HSBC's foreclosures in many cases were deficient to a degree that rendered them unable to be pursued, HSBC suspended pursuing foreclosure suits in New Mexico, including CV-11772. With regard to this

---

[1]It appears that by virtue of disclaiming their interests and a discharge in bankruptcy, the Chavezes are no longer parties to the case.

4

case, it determined that "required information may have been missing from its demand letter sent to the borrowers from the initiation of the cross-claim, and that a re-demand and new suit would be necessary in order to ensure compliance with federal demand notice requirements." Although HSBC concluded it could not proceed with the case owing to those defects, it did not notify either the parties or the district court that the suit was fatally untenable until June 2013 at the hearing on Defendants' motion to dismiss.

{6}     Despite discovering in February 2011 that this defect was fatal to its claim, HSBC waited until September 2012 to "inadvertently" file a motion pursuant to Rule 1-041(E)(2) for dismissal without prejudice of its cross-claim against Defendants in CV-11772 that it "mistakenly" entitled "stipulated."[2] The motion, on which HSBC never requested a hearing, stated that HSBC had "elected not to pursue this foreclosure action at this time." However, on November 1, 2012, believing that it had fixed its demand problem against Llave, the HSBC filed a new foreclosure action against Llave (CV-10147). This is the second case, the dismissal of which HSBC also appeals here.

{7}     The day after being served with this new lawsuit, Llave filed a motion to dismiss CV-11772 with prejudice for failure to prosecute under Rule 1-041(E)(1).

---

[2]Though titled as a "stipulated" motion to dismiss, HSBC later stated that the motion was "mistakenly captioned."

5

HSBC responded on January 4, 2013, that it only objected to a dismissal with prejudice. Notably, HSBC did not mention in this pleading that it had filed the other lawsuit against Llave two months previously that was pending in another division of the district court. After a hearing on Llave's motion in June 2013, the district court granted a dismissal of case CV-11772 with prejudice on June 24, 2013. Following a denied motion to reconsider this ruling, HSBC appealed the case on October 25, 2013.

{8} Llave had also filed a motion to dismiss the second case (CV-10147) in January 2013, alleging that CV-11772 was at that time subject to a motion to dismiss with prejudice. By the time HSBC responded to this motion, CV-11772 had been dismissed with prejudice for failure to prosecute. The motion to dismiss CV-10147 was heard on December 3, 2013, and granted by the district court, which dismissed the case with prejudice. The district court found that there were no claims that were or could have been raised in CV-10147 that could not have been raised in the context of CV-11772 and that the dismissal with prejudice of CV-11772 operated to bar CV-10147 by the doctrine of res judicata. HSBC appealed from the second dismissal, and both appeals have now been consolidated by this Court.

**A.    Case CV-10147 Can Be Barred by Res Judicata**

{9} We review the legal question of claim preclusion de novo. *Kirby v. Guardian Life Ins. Co. of Am.*, 2010-NMSC-014, ¶ 61, 148 N.M. 106, 231 P.3d 87. A dismissal with prejudice constitutes an adjudication on the merits and is res judicata of the

6

issues between the parties and their privies as to subsequent cases. *Campos v. Brown Constr. Co.*, 1973-NMCA-140, ¶ 14, 85 N.M. 684, 515 P.2d 1288; *Reed v. Furr's Supermarkets, Inc.*, 2000-NMCA-091, ¶ 35, 129 N.M. 639, 11 P.3d 603. As such, the dismissal with prejudice of CV-11772 that preceded the dismissal in CV-10147 would operate as res judicata so as to bar a subsequent case in the latter action that concerned itself with the same parties, the same subject matter, the same relationships between the parties, and the same cause of action. *See Myers v. Olson*, 1984-NMSC-015, ¶ 9, 100 N.M. 745, 676 P.2d 822 (stating the requisite elements for res judicata to apply). Res judicata would also bar raising claims for the first time in a second action where they could have been raised in the first action. *City of Sunland Park v. Macias*, 2003-NMCA-098, ¶ 18, 134 N.M. 216, 75 P.3d 816. "One of the primary purposes of the claim preclusion doctrine is to protect a defendant from being harassed by repetitive actions based on the same claim." *Concerned Residents of Santa Fe N., Inc. v. Santa Fe Estates, Inc.*, 2008-NMCA-042, ¶ 40, 143 N.M. 811, 182 P.3d 794 (quoting 18 James Wm. Moore, *Moore's Federal Practice* § 131.24[1], at 74 (3d ed. 2007)). Res judicata also protects the courts' interest in conserving judicial resources. *Kirby*, 2010-NMSC-014, ¶ 65.

{10}     As noted below, HSBC never cavilled that the second suit it filed, while the first was pending, was identical in all claims and parties to the first. The district court in CV-10147 found that there was nothing in the case before it that could not have been

7

raised in the case before it that departed from the previous case CV-11772, and that HSBC had failed to show why CV-10147 should not be dismissed owing to res judicata. On the record before us, we entirely agree. HSBC fails to demonstrate any error on the part of the district court in dismissing CV-10147 for res judicata. Thus, the propriety of the second dismissal rests entirely on the propriety of the first, which we now address.

**B.      Dismissing CV-11772 Was Within the District Court's Discretion**

{11}      That CV-11772 was a case in need of dismissal was never in dispute when Llave's motion to dismiss CV-11772 with prejudice was heard by the district court on June 13, 2013. Although its motion stated that it had "elected not to pursue this foreclosure action at this time," at the hearing HSBC stated that it was "fine with a dismissal [without prejudice] because we *can't proceed* with [the case]." (Emphasis added.) Rule 1-041(E)(1) permits a district court to dismiss with prejudice any cross-claim "if the party asserting the claim has failed to take any significant action to bring such claim to trial or other final disposition within two (2) years from the filing of such action or claim." *Id.*

{12}      We review a dismissal for inactivity under Rule 1-041(E)(1) for an abuse of discretion, *Summit Elec. Supply Co. v. Rhodes & Salmon, P.C.*, 2010-NMCA-086, ¶ 6, 148 N.M. 590, 241 P.3d 188, and will reverse the district court *only* for an abuse of discretion. *N.M. Water Quality Control Comm'n v. Emerald Corp.*, 1991-NMCA-136,

¶ 5, 113 N.M. 144, 823 P.2d 944 (emphasis added). We consider all of the circumstances in the record in evaluating whether the district court has exceeded "the bounds of reason"; reasonableness is not gauged by a fixed standard but only by the circumstances of the case. *Summit Electric*, 2010-NMCA-086, ¶ 6. The two-part test we apply was enunciated in *State ex rel. Reynolds v. Molybdenum Corp. of Am.*, 1972-NMSC-027, ¶ 23, 83 N.M. 690, 496 P.2d 1086. First, the plaintiff must have diligently and timely taken the case to its final determination within the time period specified by the rule. *Id.* Second, the plaintiff must not have been excusably prevented from taking such action. *Id.* ¶ 24. *Summit Electric* requires that a plaintiff's action to make the case to proceed to its end be taken in good faith. 2010-NMCA-086, ¶¶ 13-14.

{13}　A district court might abuse its discretion where dismissal results in an injustice. If special circumstances impeded the plaintiff's prosecution of its claim, or the plaintiff actively pursued its claim after a prior lapse, an abuse of discretion in dismissing with prejudice might be found by a reviewing court. *Id.* ¶ 14; *see Sewell v. Wilson*, 1982-NMCA-017, ¶ 37, 97 N.M. 523, 641 P.2d 1070 (upholding the plaintiff's appeal against dismissal when it demonstrated "continual activity in pursuit of [its] claim and sufficient excuse for failure to attempt to conclude it with any greater dispatch"). In *Molybdenum Corp.*, taking depositions, active discovery practice, and requests for trial all sufficed to demonstrate sufficient activity, while stipulated delays and delays caused by the court itself excusably prevented the

9

plaintiff from proceeding. 1972-NMSC-027, ¶¶ 2-6. In *Sewell*, pursuing adequate and available expert testimony was sufficient. 1982-NMCA-017, ¶¶ 24-28. None of those excuses exist in this case. In this case, HSBC might have filed its second case within the statute of limitations after having secured a voluntary dismissal, but did not pursue its own motion to dismiss, and allowed the case to languish.

**1.     A Greater Than Two-Year Delay in This Case Is Not Disputed**

{14}     HSBC filed its cross-claim against Llave on May 6, 2010, and its motion to dismiss on September 6, 2012. HSBC correctly concedes on appeal that "[t]he delay in this case was exactly two years and four months" after HSBC filed its cross-claim against Llave, despite HSBC's representing to the district court during the hearing that it was "within the two-year period" permitted by the rule. Thus at the hearing on Llave's motion to dismiss with prejudice on June 13, 2013, the only dispute was whether the dismissal would be with or without prejudice. HSBC asked the district court to construe Rule 1-041 liberally to allow the case to be "tried on the merits [without] trivial technicalities." Under Rule 1-041(E)(1), which sets a firm two-year deadline, the passage of time is a lynchpin, not a triviality. HSBC's argument referred, no doubt, to *Sewell*, 1982-NMCA-017, ¶ 35 (holding that Rule 1-041 should not be applied in "complete disregard" for the rights of litigants to have cases decided on the merits and not "trivial technicalities" (internal quotation marks and citation omitted)). HSBC may assert that "there was no discovery, scheduling order entered, nor a trial

10

setting" in the case as hallmarks of a lack of prejudice to Llave by its failing to prosecute the case. However, these are the very actions required by Rule 1-041(E)(1) to avoid dismissal with prejudice for lack of significant action to conclude the case. The time period does not have to be "excessive," as they plead; it just has to have extended more than two years without significant action by a plaintiff to justify a dismissal with prejudice.

**2.  HSBC Was Unable to Prosecute Its Cross-Claim, and Shows No Excuse For Its Inaction**

{15}    Unfortunately for HSBC, it is not a plaintiff that is "blamelessly ignorant" of its obligations to pursue its case, as we saw in *Sewell*, nor had it, like *Sewell's* plaintiff, been diligent throughout the case and moved to set a trial before the defendants' motion to dismiss had been heard. 1982-NMCA-017, ¶ 36. Early in the intervening period, HSBC discovered its systemic problems with notices of default, extending at some point to the claim it had filed against Llave. HSBC presented no evidence, documentary or otherwise, to justify its actions to the district court concerning the decision not to proceed to trial or actively pursue another conclusion during the pendency of the case. HSBC disingenuously attempted to color its "moratorium hold" on foreclosure cases as something required or imposed upon it from without, rendering it incapable of taking action on the case. This was a position the district court did not accept, particularly since no notice of HSBC's ceasing action

on the case had been given. Under *Summit Electric*, we assess whether the plaintiff has taken a good-faith action to prosecute before the defendant files a motion to dismiss. 2010-NMCA-086, ¶¶ 12-14. HSBC had moved for dismissal under Rule 1-041(A)(2), but had not pursued a hearing on the motion prior to Llave filing its motion under Rule 1-041(E)(1) and being granted a hearing.

{16} HSBC states that it legitimately wished "to restart the foreclosure to ensure its compliance with applicable federal laws." HSBC's (specious) argument that its only options were to proceed to judgment within two years or comply with federal requirements and risk losing the case under Rule 1-401(E)(1) is belied by its other (correct) argument that a timely voluntary dismissal and refiling a valid case within the statute of limitations would have cured the problem. When questioned about prosecuting two cases based on the same subject matter against the same party at the same time, HSBC responded "we're not trying to prosecute this [CV-11772] case. We don't want to prosecute this case at all." This confirms HSBC's representation in its motion that it had "elected not to pursue this foreclosure action at this time." However, neither the motion, nor HSBC's response to Llave's motion to dismiss with prejudice on January 4, 2013, mentioned that HSBC considered itself *unable* to proceed owing to the notice problem that it believed barred the action under the Fair Credit Reporting Act. *See Rivera v. Brazos Lodge Corp.*, 1991-NMSC-030, ¶ 21, 111 N.M. 670, 808 P.2d 955 (noting that an appellate court's review of Rule 1-011 NMRA

sanctions for filing an action not supported by facts is made easier when the record removes "speculation about the subjective knowledge of the relevant facts and applicable law held by appellant and his attorney at the time of filing").

{17} HSBC is correct that it is permissible to voluntarily dismiss one case and then refile another. *City of Roswell v. Holmes*, 1939-NMSC-062, ¶ 8, 44 N.M. 1, 96 P.2d 701 ("We see no reason why a litigant may not ordinarily dismiss an action prior to the running of the time limitation of the statute and preserve his right to bring a subsequent action."). However, no case supporting this proposition involves the plaintiff jumping the gun by having filed its second case based on an identical claim *before* the first case had been dismissed. HSBC misses the point that a voluntary dismissal of a defective case is what preserves the ability to act on the intention to adequately prosecute the action at a later date. We remind HSBC that it forfeited the opportunity for a voluntary dismissal by failing to pursue its motion in CV-11772. The dismissal entered was therefore pursuant to the rule for involuntary dismissal based on failure to prosecute, following a hearing on Llave's motion that was granted by the district court at Llave's request, not HSBC's.

{18} Comments by the district court on HSBC's litigation conduct clearly show that it regarded HSBC's failure to prosecute an untenable case while filing another before it was dismissed to be a willful waste of judicial resources. This reflects on our evaluation of HSBC's good faith in attempting to resolve CV-11772, as does its

statement that HSBC felt comfortable to re-demand and file the new case once its motion to dismiss in CV-11772 had been filed. According to the district court, this wreaked "havoc" in the case because HSBC, while taking no action, assumed it could stay active while it pieced its case together after the fact, having filed its cross-claim and the notice of intent to take default. To the district court, filing the new case smacked of an "end run" around the problems that were fatal to the first case while keeping Llave on the hook. We agree.

**The Dismissal With Prejudice of CV-11772 Was Within the Court's Discretion**

{19}     The policy behind Rule 1-041(E) is to give teeth to the inherent authority a court has to control its docket. *See Summit Elec.*, 2010-NMCA-086, ¶ 15; Rule 1-041(E)(2). The rule is designed to allow district courts "to clear deadwood from the docket, not to penalize plaintiffs who are attempting to bring a case to final determination and have demonstrated the viability of the action." *Summit Elec.*, 2010-NMCA-086, ¶ 9 (internal quotation marks and citation omitted). The district court stated that through its actions, HSBC created problems with two judges' dockets by not attempting to fix the problems in its first case while filing a parallel proceeding in a new court for the same purpose, where "nothing meaningful" had been done to date in either case. As mentioned above, HSBC concedes that no discovery was conducted, no scheduling orders sought, and no timely motion to dismiss was filed. The district court stated that filing its intent to take a default, which required no action

14

from the opposing party, and not acting upon it, did not move the case forward to disposition.

{20}     HSBC took the position that any attempt to "conclude a case," prior to the filing of the defendants' motion will satisfy the rule, and "prevent dismissal with prejudice." HSBC insists that its notice of intent to take default, and its motion to dismiss satisfy this requirement. A notice to take default is neither an application to enter a default in the case, nor a request for a hearing on the issue. *See* Rule 1-055(B) NMRA (requiring not less than three days notice prior to a hearing on any application for default). HSBC's notice is of no effect in the Rule 1-041 calculus especially in light of HSBC's subsequent decision to abandon its claim in CV-11772 for deficient notice to Defendants of their default on the debt.

{21}     The district court stated that something more significant than filing an intent to take default and a motion to dismiss nearly two years later is required to stop the clock for Rule 1-041, and granted the dismissal with prejudice. We observe no abuse of discretion in the district court's action. Under Rule 1-041(E)(1), a party defending a claim can move for a dismissal with prejudice "if the party asserting the claim has failed to take any significant action to bring such claim to trial or other final disposition within two (2) years" from filing the claim. HSBC did not take any of the actions our courts have recognized to bring the case to trial in the two years and four months HSBC recognizes it took to file their motion to dismiss. *See Jones v.*

15

*Montgomery Ward & Co.*, 1985-NMSC-062, ¶ 10, 103 N.M. 45, 702 P.2d 990 (setting out various factors such as pursuing discovery, communications between the court and counsel, motions hearings actually conducted as bearing on whether sufficient action has been taken); *see also Summit Elec.*, 2010-NMCA-086, ¶ 12 (discussing that the filing of a motion for a trial setting on the merits amounted to action by the plaintiff to bring the case to its final determination).

**CONCLUSION**

{22}     Based on the facts in the record, and inference from the scant pleadings filed by HSBC, and because no other evidence was presented, we can find no abuse of discretion by the district court in concluding that HSBC had not taken any action to prosecute the case it filed within two years. "Prosecute" connotes no more than a party's acting "to maintain rather than commence or begin an action." *Ballentine's Law Dictionary*, 1013 (3d ed. 1969). HSBC took no actions within two years calculated to further the suit to a conclusion, and HSBC's admissions show that it regarded the suit as one that was untenable and in need of dismissal for much of that time. Without securing an orderly exit—prosecuting a dismissal—from one case, it perfected its case and filed a second. In light of HSBC's having already filed a second identical action that was then pending, clarified by its statement to the district court that "we're not trying to prosecute this case[,]" the district court's discretion to dismiss the first case with prejudice was properly exercised. In light of the purposes

of Rule 1-041, particularly the interest in enforcing both a plaintiff's meaningful prosecution of a case and judicial economy, HSBC's arguments do not seem reflective of its conduct. HSBC's allegation of bias on the part of the district court is unpreserved and unsupported by citations to the record. The district court's comments about HSBC's keeping its case going while filing another were fair comments on its litigation conduct. For the foregoing reasons, we affirm the district courts' judgments.

{23} **IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**J. MILES HANISEE, Judge**

17