This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-36396**

**WELLS FARGO BANK, NA,**

      Plaintiff-Appellant,

v.

**ESTATE OF MARK DAUGHERTY,**

      Defendant/Cross-Defendant/Appellee,

and

**FIRST FINANCIAL CREDIT UNION,**

      Defendant/Cross-Claimant/Third-Party Plaintiff,

and

**ABC CORPORATIONS I-X; XYZ PARTNERSHIPS I-X; JOHN DOES I-X; JANE DOES I-X; and THE UNKNOWN HEIRS AND DEVISEES OF ANY OF THE ABOVE, if deceased,**

      Defendants/Third-Party Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Beatrice J. Brickhouse, District Judge**

McCarthy & Holthus, LLP
Joshua T. Chappell
Karen Weaver
Albuquerque, NM

Houser & Allison, APC
Lindsay K. Griffel

Solomon Krotzer
Albuquerque, NM

for Appellant

Kalm Law Firm
C. James Kalm
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}**     Plaintiff Wells Fargo Bank, NA, appeals the district court's order dismissing Plaintiff's foreclosure complaint with prejudice pursuant to Rule 1-041(E)(1) NMRA. We reverse.

**BACKGROUND**

**{2}**     Mark Daugherty executed a note and mortgage in favor Plaintiff in November 2003. The Estate of Mark Daugherty (Defendant) defaulted on the note, and Plaintiff brought this action to foreclose its mortgage in August 2011. In September 2016, Defendant filed a motion to dismiss Plaintiff's complaint with prejudice under Rule 1-041(E)(1) for lack of prosecution. Following a hearing, the district court granted Defendant's motion and dismissed Plaintiff's complaint with prejudice. Plaintiff appealed.

**DISCUSSION**

**{3}**     On appeal, Plaintiff argues that it took sufficient action throughout the prosecution of the case to preclude dismissal under Rule 1-041(E)(1) and that the district court abused its discretion when it dismissed the case with prejudice.

**Standard of Review**

**{4}**     We review a dismissal for lack of prosecution pursuant to Rule 1-041(E) for an abuse of discretion. *Summit Elec. Supply Co. v. Rhodes & Salmon, P.C.*, 2010-NMCA-086, ¶ 6, 148 N.M. 590, 241 P.3d 188. The district court abuses its discretion when it "exceeds the bounds of reason, all the circumstances before it being considered." *Id.* (internal quotation marks and citation omitted).

**Rule 1-041(E)(1)**

**{5}**     Rule 1-041(E)(1) provides, in pertinent part,

Any party may move to dismiss the action . . . with prejudice if the party asserting the claim has failed to take *any significant action to bring such claim to trial or other final disposition within two (2) years from the filing* of such action or claim.

(Emphasis added.) "Rule 1-041(E) is intended to promote judicial efficiency and to conclude stale cases, but it should not be applied in complete disregard of this Court's often stated concerns for the rights of litigants to have their day in court and their cases decided on the merits and not on trivial technicalities." *Summit*, 2010-NMCA-086, ¶ 14 (alteration, internal quotation marks, and citation omitted).

**{6}** There is no fixed standard of what action is sufficient to satisfy the requirement of Rule 1-041, and each case is determined upon its own particular facts and circumstances. *Stoll v. Dow*, 1986-NMCA-134, ¶ 11, 105 N.M. 316, 731 P.2d 1360; *see Summit*, 2010-NMCA-086, ¶ 13 ("New Mexico cases have previously declined to outline precisely what action is sufficient to satisfy Rule 1-041(E)(1)."). Nevertheless, before granting a motion to dismiss pursuant to Rule 1-041(E)(1), the district court must first determine "upon the basis of the court record and the matters presented at the hearing, whether such action has been timely" and if not timely, then the district court asks "whether the party against whom the [motion to dismiss] is directed has been excusably prevented from taking such action." *Summit*, 2010-NMCA-086, ¶ 10 (quoting *State ex rel. Reynolds v. Molybdenum Corp. of Am.*, 1972-NMSC-027, ¶ 24, 83 N.M. 690, 496 P.2d 1086). In making its evaluation, the district court should consider:

> [(1)] all written and oral communications between the court and counsel . . . ; [(2)] actual hearings by the court on motions . . . ; [(3)] negotiations and other actions between counsel for the parties looking toward the early conclusion of the case . . . ; [(4)] all discovery proceedings . . . ; and [(5)] any other matters which arise and the actions which are taken by counsel in concluding litigation[.]

*Howell v. Anaya*, 1985-NMCA-019, ¶ 6, 102 N.M. 583, 698 P.2d 453 (internal quotation marks and citation omitted). "[A] court may, in its discretion, consider as timely, activities occurring between the filing of the motion and the hearing on it." *Sewell v. Wilson*, 1982-NMCA-017, ¶ 36, 97 N.M. 523, 641 P.2d 1070.

**{7}** Taking all of these things into consideration, dismissal under Rule 1-041(E)(1) is proper when the court finds that there has not been "any significant action to bring [the case] to trial or other final disposition within two (2) years from the filing." Rule 1-041(E)(1). Here, the complaint was filed in August 2011. In the year following the filing of its complaint, Plaintiff took steps to move the case to trial, including service of summons on Defendant, publication of notice of the suit, and filing a motion for summary judgment. Between June 2012 and December 2014, Plaintiff's actions in the litigation were limited to stipulated orders vacating the hearing on its motion for summary judgment and new requests to reschedule the summary judgment hearing, a substitution of counsel with Plaintiff's new counsel ultimately moving to withdraw its

motion for summary judgment in December 2014. In April 2015, Plaintiff filed a request for a scheduling conference, but according to the district court, failed to comply with the applicable local rule to obtain a hearing. Two months later, Plaintiff served discovery on Defendant in June 2015. In October 2015, after Defendant failed to file a notice of completion of briefing and request for hearing on its motion to dismiss Plaintiff's complaint for lack of standing, Plaintiff filed both documents to obtain a resolution on the standing issue. Finally, after Defendant filed its motion to dismiss pursuant to Rule 1-041(E)(1), Plaintiff filed another request for hearing for a Rule 1-016(B) NMRA scheduling conference.

{8}     In concluding that Plaintiff's complaint should be dismissed with prejudice pursuant to Rule 1-041(E)(1), the district court took note of the actions Plaintiff took after filing the complaint, but focused on the approximately two-year period prior to the filing of Defendant's motion to dismiss. The district court concluded that "[t]he delay from July 14, 2014 forward, after [Plaintiff had substituted] counsel, has been more than two years" and that "Plaintiff failed to take significant action to bring the matter to a final result for more than two years without excuse."

{9}     Generally, if "the requisite action is taken to bring the case to its final determination, Rule [1-041(E)] is satisfied." *Martin v. Leonard Motor-El Paso*, 1965-NMSC-060, ¶ 7, 75 N.M. 219, 402 P.2d 954. "This is not to say that a plaintiff can avoid dismissal by racing to the courthouse with a setting request after [the] defendant has moved under Rule [1-041(E)]." *Sewell*, 1982-NMCA-017, ¶ 36. Nonetheless, to satisfy Rule 1-041(E)(1), a plaintiff "is only required to have made some effort within [the time set out in the rule] to further the prosecution of his case toward a final determination." *N.M. Water Quality Control Comm'n v. Emerald Corp.*, 1991-NMCA-136, ¶ 6, 113 N.M. 144, 823 P.2d 944 (internal quotation marks and citation omitted); *see id.* (concluding that service of discovery requests constitutes sufficient action to avoid dismissal under Rule 1-041(E)).

{10}    Here, while not a model to follow, Plaintiff's actions were sufficient to further its case to a final determination. *See N.M. Water Quality Control Comm'n*, 1991-NMCA-136, ¶ 6. There is no dispute that Plaintiff's actions in the first year of the litigation displayed an effort to bring its claim to trial. In the two years that followed, Plaintiff did little. However, over the next two and one-half years beginning in March, 2014, Plaintiff substituted counsel, that counsel re-evaluated the case in light of newly issued case law resulting in the withdrawal of its motion for summary judgment, submitted discovery requests, took steps to obtain a ruling on Defendant's motion to dismiss based on standing, requested two scheduling conferences, and advised the court of its willingness to move the case forward to final determination. *See Howell*, 1985-NMCA-019, ¶ 6 (setting out all of the matters the district court should consider in evaluating the propriety of dismissal under Rule 1-041(E), including discovery and "actions which are taken by counsel in concluding litigation" (internal quotation marks and citation omitted)); *see also Jimenez v. Walgreens Payless*, 1987-NMSC-082, ¶ 9, 106 N.M. 256, 741 P.2d 1377 (holding that a party's submission of discovery requests constitutes sufficient action to avoid dismissal under Rule 1-041(E)).

**{11}** Defendant argues that Plaintiff's two requests for scheduling conferences should not be considered in evaluating whether Plaintiff took "significant action to bring [its] claim to trial or other final disposition," contending that Plaintiff's first request failed to comply with local rules and its second request was made after Defendant filed its motion to dismiss for lack of prosecution. *See* Rule 1-041(E)(1). We disagree. Initially, we note that a request for a scheduling conference by its nature constitutes a request for a trial setting, as Rule 1-016(B)(7) requires that a scheduling order include a trial date not later than eighteen months after the date the scheduling order is filed. "[A] plaintiff's filing of a request for trial setting before a defendant's filing of a motion to dismiss has been consistently viewed as a good faith action to prosecute a case." *Summit*, 2010-NMCA-086, ¶ 13. Indeed, even a request for trial setting filed after a motion to dismiss "should be considered in determining the propriety of the dismissal." *Sewell*, 1982-NMCA-017, ¶ 36; *see also Jones v. Montgomery Ward & Co.*, 1985-NMSC-062, ¶ 13, 103 N.M. 45, 702 P.2d 990 (holding that the plaintiff's request for an immediate jury trial "made after the defendant's first motion to dismiss but before the hearing on the motion, may nonetheless be considered"). Furthermore, in light of the district court's obligation to consider "other matters which arise and the actions which are taken by counsel in concluding litigation," *Howell*, 1985-NMCA-019, ¶ 6 (internal quotation marks and citation omitted), even a faulty request for trial weighs in the calculus of whether Plaintiff's claim should be dismissed with prejudice, though possibly with less force than other actions to move the case to conclusion. However, even if we were to agree with Defendant and discount Plaintiff's faulty request for a scheduling conference, we conclude that Plaintiff took sufficient action to avoid dismissal with prejudice under Rule 1-041(E)(1) by substituting counsel, reevaluating the case, submitting discovery requests, taking steps to obtain a ruling on Defendant's standing motion and requesting a scheduling conference before the hearing on Defendant's motion to dismiss. Taking into account the policy behind Rule 1-041(E), Plaintiff's actions, along with counsel's expressed willingness to move the case forward to a final determination, was sufficient to satisfy Rule 1-041(E); thus the district court abused its discretion when it dismissed Plaintiff's complaint with prejudice. *Sewell*, 1982-NMCA-017, ¶ 38 ("Discretion must be used in conformity with the spirit of the law which is but served by giving litigants a chance to be heard when possible.").

**CONCLUSION**

**{12}** For the foregoing reasons, we reverse the district court's dismissal of Plaintiff's complaint with prejudice and remand for further proceedings consistent with this opinion.

**{13}  IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**JACQUELINE R. MEDINA, Judge**