This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38446**

**MARCHIONDO LAW OFFICES, P.C.,**

Plaintiff-Appellee,

v.

**JASON BOWLES,**

Third-Party Defendant/Appellee,

v.

**JAMES REESE and OLIVER REESE,**

Defendants/Counterclaimants/Appellants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Clay Campbell, District Judge**

Douglas A. Azar
Albuquerque, NM

for Appellee Marchiondo Law Offices

Civerolo, Gralow & Hill, P.A.
Lawrence H. Hill
David M. Wesner
Albuquerque, NM

for Appellee Jason Bowles

Western Agriculture, Resource and
Business Advocates, LLP
A. Blair Dunn
Jared R. Vander Dussen
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**ATTREP, Judge.**

**{1}** Defendants/Counterclaimants appeal the district court's order denying their corrected opposed motion to reconsider dismissal for lack of prosecution. We entered a notice of proposed disposition, proposing to affirm. Defendants filed a memorandum in opposition to that notice, which we have duly considered. Unpersuaded, we affirm.

**{2}** On appeal, Defendants contend that under the language of Rule 1-041(E)(2) NMRA, the district court's dismissal erroneously deprived them of due process, as a scheduling order had at one point been entered in the case. [DS 5] Our notice proposed to conclude that as the parties were not in compliance with the scheduling order, which was also long out of date, the district court thus had discretion to dismiss the case for failure to prosecute. [CN 6] Our notice stated that Defendants did not contest the district court's determination that the deadlines had passed without trial or any request for new deadlines after the case was reassigned to a new judge and thus a new docket. [CN 6] We also suggested that to the extent the case was only briefly reinstated on mistaken facts, admitted by Defendants, the district court did not abuse its discretion in ultimately dismissing the case. [CN 6]

**{3}** In their memorandum in opposition, Defendants continue to contend that the district court's dismissal was unjust and unfair and conflicts with the principle that it is preferable that cases be determined on their merits. [MIO 2-4] Defendants now also contend that the only reason the parties were out of compliance with the scheduling order was the recusal of the initial judge and reassignment of the case. [MIO 2] Defendants argue that as their lack of compliance was a matter out of their control, the district court's dismissal was error. [MIO 2]

**{4}** Defendants do not directly respond to this Court's analysis in which we described our case law requiring that a party be in compliance with a scheduling order in order to rely on that order to avoid dismissal under Rule 1-041. *See* Rule 1-041(E)(2) ("Unless a pretrial scheduling order has been entered pursuant to Rule 1-016 NMRA, the court on its own motion or upon the motion of a party may dismiss . . . if the party filing the action or asserting the claim has failed to take any significant action . . . within the previous one hundred and eighty (180) days."); *Rodriguez ex el. Rodarte v. Sanchez*, 2019-NMCA-065, ¶ 18, 451 P.3d 105 (stating that, regarding Rule 1-041(E), "the rule is that if the district court has entered an order under Rule 1-016, and if the party against whom dismissal is sought is in compliance with that order as of the time the district court rules on the motion to dismiss, dismissal may not be had"). It remains unquestioned that there was no scheduling order entered with which Defendants were in compliance at the time of the district court's order dismissing the case for failure to prosecute. [CN 5] In light of these facts, we remain unpersuaded that the district court abused its discretion in dismissing the case. *See Cottonwood Enters. v. McAlpin*, 1989-NMSC-064, ¶ 6, 109 N.M. 78, 781 P.2d 1156 (stating that we will reverse a district court's decision to dismiss for inactivity if we determine that the district court abused its discretion).

**{5}** We next address Defendants' assertion that their lack of compliance with a prior scheduling order was out of their control, due to the judge who entered the initial scheduling order recusing and the case being reassigned. [MIO 2] Defendants now assert that they requested a Rule 1-016 scheduling conference from the new judge. [MIO 2] We note that Defendants did not identify the timing of any such request nor its location in the record. *See Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments.").

**{6}** Nonetheless, upon this Court's review of the record, it appears that a Rule 1-016 scheduling conference was held by the new judge nearly a year prior to the district court's first dismissal for failure to prosecute. [2 RP 504-11] The district court then entered an order instructing the parties to "attempt to insert calendar dates for all applicable deadlines upon which they can agree, and the length of trial, and submit the attached [scheduling conference order] form, completed to the extent possible, and attached to a renewed [r]equest for [h]earing." [2 RP 506] A partially blank form order was attached. [2 RP 508-11] If the parties could not resolve their differences in this task, the order stated that they could file a motion advocating for their proposed deadlines. It is not apparent from the record that any completed scheduling order was entered, and Defendants have not identified where in the record one might be found. To the extent Defendants may be relying on the final scheduling order entered in the case, it appears to be the same partially blank form accompanying the same type of order instructing the parties to agree on dates and resubmit the scheduling order to the district court, and we note it was only entered after the case was briefly reinstated based on a misapprehension of fact. [3 RP 604-9] In light of the fact that there appears to have never been a final scheduling order entered, nor any motion signaling that the parties needed the district court's assistance in resolving scheduling differences filed, despite the parties' opportunity to do so, we remain unconvinced that the district court wrongly dismissed this case.

**{7}** Accordingly, and for the reasons stated in our notice of proposed disposition and above, we affirm.

**{8}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**SHAMMARA H. HENDERSON, Judge**